STATE *vs.* NATHANIEL ROSNER.

FEBRUARY 15, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J. The above entitled proceeding is a complaint made against the respondent in the District Court of the Sixth Judicial District on August 4, 1928, charging him with operating an automobile on a public highway in Providence without having a license so to do from the State Board of Public Roads.

In the District Court of the Sixth Judicial District the respondent was adjudged guilty and sentenced. From that sentence he appealed to the Superior Court. He was there tried upon said complaint before a justice of that court sitting with a jury. The trial resulted in a verdict of guilty. The case is before this court upon respondent's bill of exceptions.

It appears that previous to the date of the complaint four different applications of the respondent for a license to operate a motor vehicle upon the public highways of the State had been refused by the State Board of Public Roads. The last application of the respondent for a license was refused on May 18, 1927.

The respondent's defence is based upon his claim that at the time of the alleged offence he was a resident of the State of Maryland, and that although at that time he did not possess a license to operate a motor vehicle upon the highways of Rhode Island, granted to him by the said board, and although his application for such license had been refused, he might nevertheless legally operate his automobile on the public highways of this State by virtue of the registration of said automobile in the State of Maryland in accordance with the laws of that state for the year ending December 31, 1928, and by virtue of a "Motor Vehicle Operator's License" of the State of Maryland granted to the respondent by the commissioner of motor vehicles of that state on November 15, 1927, which license was in full force at the time of the alleged offence.

The respondent makes the above contention in reliance upon the provisions of Section 14, Chapter 98, General Laws 1923, as said section has been amended by Chapter 670, Public Laws 1925, and Chapter 1050, Public Laws 1927, and Chapter 1143, Public Laws 1928. Said Section 14 as amended is generally known as the comity provision of said Chapter 98, "Of Motor Vehicles and the Operation Thereof." The essential provisions of Section 14, as amended, necessary to be considered here, are that a non-resident of this State, who has complied with the law of the state in which he resides, requiring the registration of a motor vehicle and the display of an identification number on such vehicle, and who displays such identification number together with the initial of the state of its registration upon such motor vehicle while the same is being used on the public highways of Rhode Island, may bring his motor vehicle

into this State for use on its highways without complying with the provisions of our statute relating to the registration of motor vehicles and the licensing of the operators thereof, provided however, that the state in which the non-resident resides shall grant like privileges to residents of this State. It is admitted by the complainant that like privileges have been granted to the residents of Rhode Island by the State of Maryland.

By Chapter 670, Public Laws 1925, the motor vehicle statute was amended in a number of particulars. The so-called comity provisions contained in Section 14 were reënacted with certain additions which do not affect the essential provisions as set forth above. By said Chapter 670, Section 6, of said Chapter 98, which deals with the matter of licensing operators, was also reënacted, with certain amendments and additions. As amended, Section 6 prescribed that, "except as otherwise provided in this section or in Section 14 of this chapter, no person shall operate a motor vehicle upon the public highways until such person shall have first obtained a license for that purpose." Section 6 as amended also provided that "the board may, in its discretion, refuse to grant a license to any applicant whom, for any reason, it considers an improper or unsafe person." The amended Section 6 further provided as follows, and it is upon this provision that the State particularly relies: "No person under sixteen years of age or whose application for license has been refused or whose license has been suspended or revoked shall operate a motor vehicle under any circumstances."

The respondent contends that the drastic prohibition contained in the provisions of Section 6 last quoted above is without application to him, and that he may operate his automobile upon our highway without a Rhode Island license under the comity provisions of Section 14 as amended. It has not been shown to us, and it is hardly to be conceived that the motor vehicle provisions of the Maryland statute grant to a resident of Rhode Island the privilege of operating

an automobile upon the Maryland highways under a Rhode Island license, although the Maryland authorities have adjudged such operator to be "an improper and unsafe person" to be allowed so to act. It may reasonably be said that when this respondent applied for a Rhode Island license and was refused, because the board found him to be an improper and unsafe person to be given such license, a disability attached to him under our law, and it is not within the power of the Maryland authorities afterwards to relieve him of that disability by registering his automobile, or by granting him a license to operate in Maryland. To hold otherwise would be to blindly follow one of two literally conflicting provisions of our statute, in disregard of its spirit and the plain intention of the general assembly.

One of the predominant purposes of the motor vehicle act is to guard our people against the danger arising from permitting automobiles to be operated on our highways by "improper and unsafe" persons. By Section 6 of the act when the application of such a person has been refused, the law provides that he shall not "operate a motor vehicle under any circumstances." On the other hand, in the furtherance of comity, by Section 14 a non-resident, clearly not viewed as a person who has been refused a license to operate in this State, but solely as one who has complied with the laws of the state of his residence, may under the conditions set out in that section operate his motor vehicle on our highways without obtaining a Rhode Island license. These two literally conflicting provisions must be read in connection with each other, and a construction should be given to each, which will render them consistent with each other, and with the clear intent of the statute as a whole. *Racine* v. *Tenth District Court*, 39 R. I. 475. Applying such a method of construction we hold that under Section 6 one who has been refused an operator's license in Rhode Island can not operate a motor vehicle on our highways "under any circumstances," including the circumstance that he has afterwards obtained a registration of such motor vehicle in

another state, with which Rhode Island has reciprocal relations of comity. And we further hold that under Section 14, although a non-resident, in the condition of this respondent, is not in terms excepted from the operation of that section he is in effect excepted by the reason and the intent of the act, clearly expressed in the provisions of Section 6.

The foregoing answers all of the respondent's objections and exceptions, which require determination.

All of the respondent's exceptions are overruled; and the complaint is remitted to the Superior Court for sentence.

*Charles P. Sisson, Attorney-General, Sigmund W. Fischer, Jr., Assistant Attorney-General,* for State.

*Peter W. McKiernan, John C. Going, Ernest L. Shein,* for defendant.