STATE OF CONNECTICUT *v.* DONALD J. ROY

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 14-768

Argued July 7—decided October 6, 1961

*Harry Hammer,* of Rockville, for the appellant (defendant).

*George A. Silvester,* prosecuting attorney, for the appellee (state).

MARTIN, J. The defendant pleaded not guilty to a charge of operating a motor vehicle while his right to operate was under suspension, in violation of § 14-215 of the General Statutes. He was tried to the court and found guilty. He has appealed to this court, claiming error in that the facts found do not support a judgment of guilty.

The facts are undisputed. The defendant Roy, in October, 1960, moved from Connecticut to Massachusetts, where he became a resident, and he was a resident of that state at the time of his arrest in Hartford on February 18, 1961. At the time of his arrest, the defendant's right to operate an automobile in Connecticut was under suspension for an indefinite period. At the time of his arrest, the defendant was in possession of a valid Massachusetts operator's license, which he had applied for and received after removing himself from Connecticut to Massachusetts.

The defendant assigns as error the failure of the trial court to find that he was entitled to the reciprocal benefits conferred upon nonresident operators pursuant to § 14-39 of our General Statutes. The defendant also assigns as error the failure of the trial court to find that he was not required to comply with the licensing provisions of chapter 246 of the General Statutes and could not therefore be found guilty of a violation of § 14-215 of the General Statutes. Since both assignments of error are related and interdependent, they may be discussed together.

Section 14-39 authorizes the operation of motor vehicles in this state by nonresidents licensed in the state of their residence for the same period of time allowed by the state of his residence to residents

of this state, without complying with our licensing requirements. Section 14-215 provides in part that no person to whom an operator's license has been refused, or whose operator's license or right to operate a motor vehicle in this state has been suspended or revoked, shall operate any motor vehicle during the period of such refusal, suspension or revocation.

Where two statutes or sections of a statute appear to be in conflict, they must be read in connection with each other, and a construction should be given to each which would render it consistent with the other and with the full intent of the statute or chapter as a whole. *State* v. *Rosner,* 50 R.I. 33, 36. If both statutes or sections can be reconciled, they must stand and have a concurrent operation. *Middletown* v. *New York, N.H. & H.R. Co.,* 62 Conn. 492, 498.

Examination of the entire chapter on motor vehicles (c. 246) makes evident its general purpose not to extend to nonresidents any reciprocal privilege beyond relieving them from the necessity of procuring a Connecticut operator's license; and that all other requirements of the chapter, and penalties for noncompliance, are left in full force and effect.

The defendant in this case was not convicted of a failure to comply with our licensing requirements as set forth in § 14-36 but rather of a separate and distinct offense carrying separate and distinct penalties, namely, operating a motor vehicle while his right to operate remained under suspension. When a motor vehicle operator's license is suspended, it means not only that his right to operate under that license is under suspension during the licensing year, unless reinstated, but also that the privilege to be a licensed operator is suspended during the period of suspension prescribed by the

statutes or properly designated by the commissioner. *State* v. *Verville,* 16 Conn. Sup. 178, 179. The defendant's status as a Connecticut driver whose license to operate a motor vehicle in Connecticut has been suspended remains unchanged, even though he may have removed to the commonwealth of Massachusetts and there received an operator's license.

The reciprocal benefits of § 14-39 are available to the defendant as they are to any driver duly licensed in another state having a reciprocal agreement with this state; that is, he stands in all respects as though he held a Connecticut license and is entitled to the rights and privileges of a Connecticut operator. *Shea* v. *Corbett,* 97 Conn. 141, 147. Thus Donald J. Roy, Massachusetts operator, by virtue of § 14-39 is entitled to the rights and privileges accorded to Donald J. Roy, Connecticut operator, a person whose right to operate a motor vehicle in Connecticut has been suspended. Equivalent right does not mean additional right, and the provisions of § 14-39 were not intended to be, and cannot be, used as a back door means of obtaining restoration of a suspended license.

One who operates a car in a state while his right to operate remains under suspension may be convicted of operating in violation of a statute which makes it an offense to operate a car within a specified time after the revocation of his permit, even though he has in the meantime moved to another state and has there procured a motor vehicle operator's permit and automobile license tags and, while temporarily in the state of his former residence, has driven his automobile on which there were such tags. *District of Columbia* v. *Fred,* 281 U.S. 49, 51. And this is true notwithstanding that the state of his former residence dispensed with the requirements of an operator's license in favor of a non-

resident who has procured a permit or license from a state granting like exemption to residents of the former state. Ibid.; see *State* v. *Rosner*, 50 R.I. 33.

The errors of the trial court in failing to find that the defendant was not entitled to the reciprocal benefits of our statute and in failing to find that the defendant did not have to comply with our licensing requirements were harmless and did not constitute reversible error.

There is no error.

In this opinion CASALE and HOLDEN, Js., concurred.