HENRY H. BLACK, ADMINISTRATOR, *vs.* EDWIN S. HUNT.

Second Judicial District, Norwich, October Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

Upon the issue of whether the conduct of the defendant's chauffeur
was in fact negligent or not in running into and killing the plain-
tiff's intestate in the highway, evidence as to his general incom-
petency and inexperience is irrelevant and immaterial. Nor does
such evidence become admissible merely because of an allegation
in the complaint to the effect that the chauffeur was incompetent
and inexperienced.

The operation of a motor-vehicle upon the highway by an unlicensed
person, while unlawful, does not necessarily render the operator,
or his master, responsible for the results of a collision with a pedes-
trian, unless the want of a license directly contributed to the injury
or was in itself a breach of duty to the party injured.

Having correctly charged the jury as to the elements which it was
essential for the plaintiff to prove in order to recover, the trial
judge later added another, to the effect that he must prove that
the driver of the car was so incompetent and inexperienced that
the defendant was negligent in permitting him to drive. *Held* that
this was clearly erroneous and harmful to the losing plaintiff.

The plaintiff claimed that inasmuch as the driver of the car was less
than sixteen years old, he was incompetent as matter of law, and
therefore that the car was an outlaw on the highway. *Held* that
this claim was not sound.

The trial court admitted evidence offered by the defendant tending
to prove that the driver of his car was competent and experienced.
*Held* that this evidence was not relevant to the issue, and should
have been excluded.

Argued October 18th—decided November 30th, 1921.

ACTION by an administrator to recover damages for
the death of his intestate, alleged to have been caused

by negligence of the defendant, brought to the Superior Court in New London County and tried to the jury before *Banks, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*Frank L. McGuire,* for the appellant (plaintiff).

*Prentice W. Chase,* for the appellee (defendant).

CURTIS, J. On February 3d, 1919, the plaintiff's intestate, a boy about ten years of age, came into collision with an automobile of the defendant, on a State road in Old Saybrook, and was killed.

The plaintiff alleged in the complaint that the defendant was riding in his car when the collision occurred; that the car was being driven by his servant, one Hall, fifteen years old or less, in pursuance of the defendant's business and under his direction; and that Hall was an incompetent and inexperienced operator of a car, and caused the collision by his unlawful operation of the car and by his negligent driving in the several ways set forth in the complaint.

Under the complaint, the case presented is one of negligence by a servant of the owner in relation to a stranger, and it is not a material fact in such an action that the servant is alleged to be incompetent and inexperienced. Such an allegation in this class of cases, although accompanied by an allegation that the defendant had negligently provided an incompetent and inexperienced operator for his car and thereby caused the injury, would not be an allegation of actionable negligence. *Carlson* v. *Connecticut Co.,* 94 Conn. 131, 108 Atl. 531. Furthermore, an allegation or claim of incompetence and inexperience on the part of a servant, in an action of this character, does not permit the

introduction of evidence of incompetence and inexperience as tending to prove the specific acts of negligence alleged. The connection is too remote. *Carlson* v. *Connecticut Co.*, 95 Conn. 724, 731, 112 Atl. 646. The assignments of error one to five inclusive, are all based on the claimed legal proposition, that the allegation of incompetence or inexperience of the driver was a material fact in the cause of action alleged. We have already shown that under our law there is no foundation for this legal proposition. These claims of error are not tenable.

The sixth, seventh and eighth assignments of error are based on the following claimed legal propositions: first, that an automobile operated on the highway by an unlicensed driver, becomes an unlawful trespasser on the highway and a nuisance; and second, that the owner of such an automobile who permits it to be so operated, is liable for all injury caused by such nuisance, irrespective of negligence in the operation or of contributory negligence on the part of the injured. These legal claims, the plaintiff urges, are supported by the law as laid down in Massachusetts in *Koonovsky* v. *Quellette*, 226 Mass. 474, 116 N. E. 243, to the effect that the owner of a motor-car operated on the highway without its being registered according to law, is liable for injury caused by a collision with such a car without proof that the operator was negligent, his liability being that of a wrongdoer maintaining a nuisance on the highway. The Massachusetts courts have held, however, in *Bourne* v. *Whitman*, 209 Mass. 155, 171 (95 N. E. 404), and other cases, that "the operation of a car without a license, while it is a punishable act, does not render the [car and the] operator a trespasser [and outlaw] on the highway, but that the illegal element in the act is only the failure to have a license while operating it, so that if the operation and move-

ment [of the car] contributed to an accident with which the want of a license had no connection, except as a mere condition, they would not preclude the operator as a plaintiff from recovery"; and that such operation of a car by an unlicensed driver would not make the car a nuisance on the highway, with the attendant legal consequences to persons or property injured by it. The ruling in this latter case is in accord with the well-established law of this State. *Broschart* v. *Tuttle*, 59 Conn. 1, 21 Atl. 925; *Monroe* v. *Hartford Street Ry. Co.*, 76 Conn. 201, 206, 56 Atl. 498. These cases hold that "in doing an unlawful act a person does not necessarily put himself outside the protection of the law. He is not barred of redress for an injury suffered by himself, nor liable for an injury suffered by another, merely because he is a lawbreaker"; and that in actions for negligence, the fact that the plaintiff or defendant was a lawbreaker at the time of the injury is ordinarily immaterial, unless the act of violating the law is in itself a breach of duty to the party injured in respect to the injury suffered." There is in this case no claim, and there could be no claim, that the failure of the driver to possess a license directly contributed to cause the collision. It was merely a condition attending the collision, not a cause of it.

This principle of law may, of course, be modified by statute law, as was done in § 44 of Chapter 233 of the Public Acts of 1919, which provides, among other things, that no recovery shall be had in our courts by the owner of a legally registered motor-vehicle for injury to person or property, if it was being operated by an unlicensed person at the time of the injury. The sixth, seventh and eighth assignments of error are, therefore, not tenable.

Fourteen other assignments of error are all based upon the correctness in law of the foregoing legal

propositions urged by the plaintiff, relating to the allegations and claims of incompetence and inexperience on the part of the driver, and upon the admitted fact that the driver of the defendant's car was unlicensed. We have already shown that the plaintiff's claims in these particulars were not correct in law, hence these assignments of error are not tenable.

In the course of the trial the plaintiff had claimed that the admitted age of the defendant's driver, less than sixteen, tended to prove and conclusively proved that he was incompetent. The defendant thereupon introduced evidence, over the plaintiff's objection, tending to prove that the driver was competent and experienced. Under this situation the court, upon the defendant's request, charged the jury as follows: "That the driver of defendant's car was a minor and not a licensed operator, is not enough to establish the defendant's negligence, but you must go further and find that the driver of the defendant's car, Frederick E. Hall, was an incompetent and inexperienced driver and was not a person of such experience in the operation of an automobile as an ordinary intelligent careful man under like circumstances would permit to operate his automobile, and that this negligence continued to be negligence on the part of the defendant up to the moment of the accident and was the proximate cause of the accident. In other words, the defendant's act in permitting the Hall boy to drive his automobile was the sole cause of the injury to the Way boy. . . . The defendant, Edwin S. Hunt, cannot be held liable for the death of the Way boy unless he can be charged with legal negligence in permitting the Hall boy to drive his car under the circumstances in this case and that this negligent act on his part led directly up to and was a proximate cause of the accident."

The charge in these particulars cannot be sustained.

It is obvious that these instructions do not correctly state the law relating to the liability of the master for negligence of the servant while acting in pursuance of the master's business. The court had already correctly instructed the jury to the effect that the essential and material elements of the cause of action alleged, which the plaintiff must prove, were as follows: 1. That the plaintiff's intestate was killed by a collision with the car of the defendant upon the highway. 2. That the car was then being driven by a servant of the defendant acting in pursuance of his employment. 3. That the collision and death were caused by the negligent driving of the servant in one or more of the ways alleged. 4. That the plaintiff's intestate was free from any negligence on his part which contributed to cause his injuries. By the instructions now under consideration the court, in effect, informs the jury that there is a further essential fact which the plaintiff must prove in order to recover: 5. That the driver of the car was so incompetent and inexperienced in driving a car that the defendant was negligent in permitting him to drive his car.

The effect of these instructions would be that although the jury should find that the car was being driven by a servant of the defendant in pursuance of his business, that the servant in driving the car was negligent in some one or more of the ways specified in the complaint, and so caused the collision and death of the intestate, and that the plaintiff's intestate was free from contributory negligence,—yet unless they found that the driver was so incompetent and inexperienced that a person of ordinary prudence in the situation of the defendant would not have permitted him to operate his car, the plaintiff could not recover. It requires no demonstration to show that the placing of the burden of establishing this additional essential

fact upon the plaintiff in order to recover, has no support in the law relating to the liability of a master for the negligent acts of his servant while acting in pursuance of his employment. Although the law as to the master's liability for a servant's negligence is correctly stated elsewhere in the charge, these explicit directions could not have failed to be harmful to the plaintiff. These reasons of appeal are sustained.

The reasons of appeal numbered twenty-five to thirty-three inclusive, relate to exceptions to the admission of evidence offered by the defendant, over the plaintiff's objection, as tending to prove that the driver of the defendant's car was competent and experienced. We have shown above, that under the law as stated in the cases of *Carlson* v. *Connecticut Co.,* 94 Conn. 131, 108 Atl. 531, 95 Conn. 724, 112 Atl. 646, the allegations in the complaint of the incompetence and inexperience of the driver of the car are not material allegations, and that evidence in support of or in refutation of such allegations is not relevant. This evidence therefore should have been excluded.

One reason for its exclusion stated by the plaintiff, to wit, that the driver of the car because of his age, less than sixteen years, was incompetent as a matter of law, and therefore that the car was an outlaw on the highway, could not be supported.

This evidence was apparently offered by the defendant to lay the foundation for his requests to charge, discussed above, but as the legal proposition underlying these requests is not tenable, the evidence should have been excluded. These reasons of appeal are sustained.

There is error and a new trial is ordered.

In this opinion the other judges concurred.