GEORGE S. SHEA vs. JAMES CORBETT.
MICHAEL SLONSKI vs. JAMES CORBETT.

Third Judicial District, Bridgeport, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Under the provisions of Chapter 233 of the Public Acts of 1919 relating to motor-vehicles, and especially of § 21, a nonresident over eighteen years of age, properly licensed by the State of his residence, may lawfully operate a duly-registered automobile upon the highways of this State for a period of not exceeding thirty days in any year; and therefore may recover damages for a personal injury negligently inflicted upon him while so engaged.

The owner of such a car, so operated within the thirty-day period, may also recover damages for injuries to it caused by the negligence of a third person, the foreign license having temporarily the same effect (§ 21) as a Connecticut license issued under § 14 of the Motor Vehicle Act of 1919.

While § 14 of our statute prescribes a penalty for failure to take out a license, the Act does not now, as it did formerly, punish an unlicensed operator still further by depriving him of his right to recover compensation from one who has negligently injured him in his person.

A registration certificate is for the purpose of identification and revenue. An operator's license is purely a personal privilege, nontransferable, and granted by the State on account of fitness. Operator and owner may be the same person, but often they are not, and they are treated by the motor-vehicle law as entirely unrelated, except when, for the sake of brevity in treatment, they are brought together as in § 21.

Argued November 3d—decided December 23d, 1921.

ACTIONS to recover damages for injury to person and property alleged to have been caused by negligence in the operation of defendant's automobile, brought to the Court of Common Pleas in Fairfield County, where demurrers to the complaints were overruled (*Walsh, J.*) and the cases were tried together to the jury before *Booth, J.;* verdict and judgment for the plaintiff in each case, from which the defendant appealed. *No error in either case.*

*Robert J. Woodruff*, for the appellant (defendant).

*Vincent L. Keating*, for the appellee (plaintiff).

GAGER, J. Shea's action was to recover for injury to his automobile, due to defendant's negligence in the operation of his automobile; and Slonski's action was to recover for personal injuries due to the same acts of negligence.

The facts material to the appeal are brief: Shea was a resident of Connecticut and his automobile was lawfully registered under the laws of Connecticut; this automobile was being operated by Slonski, the plaintiff in the second case. Slonski was a resident of New

York, was an operator duly licensed under the laws of that State, and had operated his car in Connecticut for a period of less than thirty days. Slonski had driven his own car, duly registered in New York, to Bridgeport, with his family. In Bridgeport his car was found to be out of repair and was taken to a garage. To enable Slonski to return to New York, the plaintiff, Shea, loaned his car to Slonski, who drove it to Brooklyn, New York. To return this borrowed car to Shea in Bridgeport, Slonski drove Shea's car back to Bridgeport, and while so driving the car on the highway in Bridgeport the collision happened, causing the injuries to both Shea's car and Slonski's person.

The defendant demurred to each complaint on the ground, in substance, that under the provisions of §§ 21 and 44 of Chapter 233 of the Public Acts of 1919, being the Motor Vehicle Act of 1919 in force at the time of the collision in question, neither plaintiff was entitled to recover. Both demurrers were overruled, and upon the trial the same defense was raised by request to charge, not granted, and by objection to the admission of Slonski's New York license as an automobile operator, which was admitted over the objection. The single point in each case was as to the effect of the New York license to Slonski as an operator while he was driving in Connecticut.

It is necessary to have the statute before us. Section 21 of the Act of 1919, relating to operation by a nonresident, omitting the part relating to public service and commercial motor-vehicles, is as follows: "Any nonresident over eighteen years of age, who has complied with the laws of the State within which he resides, relating to motor vehicles and the operation thereof, may operate such motor vehicle upon the highways of the State for a period not exceeding thirty days, not necessarily consecutive, in any year, without

complying with the provisions of this act requiring the registration of motor vehicles and the licensing of operators, . . . provided such nonresident shall cause to be displayed on his motor vehicle, upon two plates substantially as required by section thirteen, the distinguishing number or mark required by the State within which he resides. . . . Any nonresident who shall operate a motor vehicle in this State for a period of more than thirty days during any one year in violation of the provisions of this section shall be fined not less than ten nor more than one hundred dollars."

Section 44, barring recovery of damages in civil actions, reads as follows: "No recovery shall be had in the courts of this State by the owner of a motor vehicle which has not been legally registered in accordance with section eight, nine, ten, eleven or twelve for injury to person or property received by reason of the operation of such motor vehicle upon any public highway, unless such motor vehicle is the property of a nonresident and is within the provisions of section twenty-one; nor shall such recovery be had if such motor vehicle be legally registered but was being operated by an unlicensed person in violation of any provision of section fourteen, fifteen or sixteeen, provided nothing herein shall prevent recovery by a licensed operator or a passenger who had reason to believe that such motor vehicle was legally registered, nor by any passenger who was not aware that the operator was unlicensed or the motor vehicle not properly registered."

Let us first take Slonski's case; he was a nonresident, living in Brooklyn, New York, and he was duly authorized as an operator under the laws of New York. He had not operated in this State more than thirty days during the current license year. Under the ex-

press terms of the statute he was released from "complying with the provisions of this Act requiring the registration of motor vehicles and the licensing of operators." That is, within the time limited for nonresidents he stood in all respects as though he held a Connecticut license, and, if needed, a Connecticut car registration. If he had, at the time of the accident, been driving his own car, it is admitted that no question could have been raised. The defendant, however, contends that, because Slonski was driving a car with a Connecticut registration, the statute denies him the protection of his New York license certificate when driving the Connecticut car. That is, that the nonresident provision must, both as to license and car registration, be coincident and correlated in their effect, and that, assuming the thirty day limitation not to have been exceeded in either case, a New York car could not have been operated by a Connecticut licensee nor a Connecticut car by a New York licensee. We think this narrow construction is not warranted by the language or the manifest purpose of the Act, and that such construction materially limits the comity character of the statute. There is no connection between the license to operate and the registration of the car. Probably in a great majority of cases the operator is not the owner of the car he is operating. An operator's license is purely a personal privilege, nontransferable and granted by the State on account of fitness. *Prince* v. *Case*, 10 Conn. 375; Berry, Automobiles (3d Ed.) §§ 100 and 260. The registration certificate is for the purpose of identification and revenue. Operator and owner, while they may of course be the same person, are treated in the motor-vehicle laws as entirely unrelated. The license is independent of ownership and in no way counts on ownership, and registration by an owner is equally

independent of the question of the license to operate and contains no reference to operation, and our statute so considers and treats them. The only color for the contrary claim is that the statute, § 21, refers both to license and registration. It is the case of a single condensed statute relating to two distinct subjects of regulation, entirely separate in their purpose, neither one in any sense dependent upon the other, and the provisions are quite disjunctive in their character, only brought together for brevity of treatment. The requirement is not a joint requirement of a combination of the two subjects, which would manifestly, in most cases, be impracticable, but it is that, in the case of a nonresident operator, he shall have complied with the law of his State, and that, in the case of the car, the owner shall have complied with the law of registration in the State where the car is owned. We cannot see why, for instance, a properly licensed New York operator cannot, under our statute, operate a properly registered New Jersey car in Connecticut for the limited period allowed. The statute says that "any nonresident over eighteen years of age, who has complied with the laws of the State within which he resides, relating to motor vehicles and the operation thereof," may operate in the State, etc. In order to accomplish its purpose to any beneficial extent, this language must be construed as meaning that any nonresident operator and any nonresident owner must have complied as respects operation and ownership, respectively, with the laws of the State where the operator or car may be located. In no other way can the purpose of the Act, to require that nonresident operators and cars owned by nonresidents must each possess the proper credentials from the State of residence, be adequately secured.

Slonski's possession of a New York operator's license

would, under the statute, exempt him from taking out a license in the State of Connecticut for the thirty days named in the statute, quite irrespective of whether he owned a car or not; and so the owner's registration would likewise exempt him for the same period from taking out a Connecticut registration card, whether he were the operator or not. In effect, Slonski was, at the time named, entitled to the rights and privileges of a Connecticut licensed operator, not in any way limited or conditioned upon the registration of the car which he might be driving.

Independently of all this, whether he was to be considered as protected by his New York license or not, we do not think he would be deprived of his action for negligent injury. Our statute provides a penalty for failure to take out a license; it does not otherwise additionally punish an operator by depriving him of the right to compensation from one who has negligently injured him. Formerly the statute was otherwise. Section 19 of Chapter 231 of the Public Acts of 1915 provided: "No recovery shall be had in the courts of this state, by the owner or operator, or any passenger of a motor vehicle which has not been legally registered," etc. The same prohibition is contained in § 19 of the Act of 1911. In the Act of 1917 the words "or operator or any passenger " were taken out of the section, so that § 47 of the Act of 1917, which corresponds with § 19 of the Act of 1915, reads: "No recovery shall be had in the courts of this State by the owner of a motor vehicle," etc. This is also the language of § 44 of the Act of 1919, under which the present actions are brought, and it is the language of the recent revision of 1921, § 61, Public Acts of 1921, Chap. 400. We know of no statute which prohibits a recovery by Slonski as an operator at the time of the injury. *Hemming* v. *New Haven*, 82 Conn. 661, 664, 74 Atl. 892.

We turn now to the case of Shea, the Connecticut owner of the car Slonski was operating at the time of the collision. It is admitted that this car was duly registered under our law. Section 44 of the Act, after providing that no recovery shall be had by the owner of a motor-vehicle which has not been legally registered, further provides: "nor shall such recovery be had if such motor vehicle be legally registered but was being operated by an unlicensed person in violation of any provision of sections fourteen, fifteen and sixteen." These sections provide for the issuance of operators' licenses in this State. Nonresidents are not referred to therein. The appellant argues that the statute, § 44, makes no exception in favor of the owner whose motor-vehicle was at the time of the injury operated by the holder of a foreign license. The error here is in the assumption that the foreign operator is, under the statute, to be treated as an unlicensed person. Section 14 of the statute, relating to the issue of licenses, begins, "No person shall operate a motor vehicle upon any public highway of this State until he shall have obtained from the commissioner a license for such purpose." Unqualified by § 21, the defendant's claim would be sound, but § 21 materially qualifies § 14 by taking a limited class of persons, nonresidents, and for a limited time, not exceeding thirty days, out from under the prohibition of § 14, and makes a nonresident operator temporarily a duly qualified operator, notwithstanding the provisions of § 14 relating to licenses. In considering Slonski's case, we reach the conclusion that at the time he was entitled to the rights and privileges of a limited operator in Connecticut, he was not an unlicensed person operating in violation of § 14 of the licensing provision of the Act, because § 21 expressly excludes him from the operation of § 14. Plaintiff Shea's car, therefore, was not being operated

in violation of §§ 14 and 15 of the Motor Vehicle Act, and he is entitled to recover.

There is no error in either case.

In this opinion the other judges concurred.