FRANK J. CUSACK *vs.* WILLIAM LAUBE AND
COMPANY, INC.

Third Judicial District, Bridgeport, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

The certificate of registration of a motor vehicle is for the purpose of identification and revenue. The operator's license is purely a personal privilege granted by the State on account of fitness.

Section 20 of Chapter 400 of the Public Acts of 1921 provides that all operators' licenses shall expire on the last day of February in each year, and requires every operator to indorse his signature on the back of his license under penalty of a fine for failure to do so. Section 61 bars a recovery by the owner of a motor vehicle for injury to person or property resulting from its operation by "an unlicensed person in violation of any provision" of certain preceding portions of the Act, including § 20. *Held* that an operator who has obtained from the State a valid and subsisting license does not become an "unlicensed person" merely by reason of his failure to indorse it and, therefore, is not subject to the disability imposed by § 61, which in so far as it relates to § 20, is intended to forbid a recovery only by an operator whose license has expired by the limitation of time therein specified.

The indorsement of the license is, at most, a convenient aid in identifying the possessor as the person to whom it was issued.

Argued April 21st—decided May 29th, 1926.

ACTION to recover damages for injuries to person and property, alleged to have been caused by the defendant's negligence, in which the defendant filed a counterclaim for damage to its property, alleged to have been caused by the negligence of the plaintiff, brought to the Superior Court in Fairfield County and tried to the jury before *Nickerson, J.;* the court directed a verdict for the defendant upon the complaint and for the plaintiff upon the counterclaim, and from the judgment rendered thereon the plaintiff appealed. *Error and new trial ordered.*

*Daniel E. Ryan,* with whom, on the brief, were *C. Milton Fessenden* and *Matthew H. Kenealy,* for the appellant (plaintiff).

*Carl Foster,* for the appellee (defendant).

HINMAN, J.   Upon the trial it developed, and was admitted, that the plaintiff, at the time of the collision for which he sought to recover damages, had not indorsed his signature on the back of his operator's license, nor had the driver of the defendant's truck so indorsed his license.   Thereupon, on motion for a directed verdict, the trial court ruled that because of the plaintiff's failure to indorse his license as required by § 20 of Chapter 400 of the Public Acts of 1921, his motor vehicle was being so operated in violation of that section as to bring him within the provisions of § 61 of that chapter and prevent his recovery, and that the defendant was in the same situation as to its counterclaim by reason of the failure of its driver to indorse his license, and directed a verdict accordingly. The correctness of these rulings is the only question presented by this appeal.

Section 20 of Chapter 400 of the Public Acts of 1921 is as follows: "Every person licensed to operate a motor vehicle shall, before operating any motor vehicle upon a public highway, indorse his signature on the back of his operator's license in a space provided for the purpose. Operators' licenses shall expire at midnight on the last day of February in each year.  Any person who shall violate the provisions of this section shall be fined not more than twenty-five dollars for the first offense and for any subsequent offense not more than fifty dollars."

Section 61 provides that "no recovery shall be had in the courts of this State by the owner of a motor

vehicle which has not been legally registered in accordance with section nine for injury to person or property received by reason of the operation of such motor vehicle upon any public highway, . . . nor shall such recovery be had, if such motor vehicle be legally registered but was being operated by an unlicensed person in violation of any provision of section fifteen, twenty or twenty-one of this Act."

Section 1565 of the General Statutes was practically identical with § 61 of the present statute except that the references therein were, of course, to other sections of Chapter 77 of the General Statutes, including §§ 1530, 1531 and 1532 instead of to §§ 15, 20 and 21. Section 1532 comprised three subsections, (a), (b) and (c). Subsection (a) contained provisions, now embodied in § 19 of Chapter 400 of the Public Acts of 1921, for applications for numbering and recording of motor vehicle registrations and operators' licenses. Subsection (b) provided that "every person licensed to operate motor vehicles shall indorse his signature on the back of his license, in a space provided for the purpose, and such license shall not be valid until so indorsed. Such licenses shall expire at midnight on the last day of February in each year." Subsection (c) provided that such licenses shall be carried by the licensee when operating a motor vehicle upon any highway. The penalty section of Chapter 77, § 1556, provided for punishment by fine for violation of subsections (b) and (c) of § 1532.

Chapter 233 of the Public Acts of 1919, was enacted as a complete substitute for Chapter 77 of the General Statutes and repealed the latter. In § 16 of Chapter 233, subsections (a), (b) and (c) corresponded, in substance, with the same subsections of § 1532 except that the provision in (b) that "such license shall not be valid until so indorsed" was there

omitted, and has not been since re-enacted. The same section also provided for punishment, by fine, for violation of subsections (b) and (c). Section 1565 was re-enacted as § 44, being identical in substance, except changes in section numbers, including reference to § 16 instead of § 1532. In Chapter 400 of the Public Acts of 1921, subsection (a) of § 16 of the 1919 Act appears as § 19, (b) as § 20, and (c) as § 35, each with the penalty applicable thereto embodied in the section; § 44 of the 1919 Act is made § 61, and of the above-mentioned sections refers only to § 20.

A sensible and probable reason for the important amendment, in 1919, of what is now § 20, may be found in the nature and purpose of the licensing of operators as distinguished from the registration of motor vehicles. The registration certificate is for the purpose of identification and revenue. An operator's license is purely a personal privilege granted by the State on account of fitness. *Shea* v. *Corbett* (1921) 97 Conn. 141, 145, 115 Atl. 694. The indorsement of the license is, at most, a convenient aid, supplementing the personal statistics contained in the application and appearing on the license, in identifying the possessor as the person to whom it was issued, and the General Assembly may well have regarded the prescribed fine as a sufficient penalty for failure to so indorse it, and the provision of the prior statute making indorsement an essential prerequisite to the validity of the license as too drastic a consequence of such failure. Whatever the incentive may have been, the provision was dropped from the statute and there can be no question that a person who has lawfully obtained an operator's license, whether or not he has indorsed it, is a licensed operator. To hold otherwise would be to deny effect to the amendment, which cannot be regarded other than significant; nor can the equally suggestive reten-

tion in § 61 of the limitation to unlicensed persons be lost sight of in the application of that section.

The disability imposed by § 61 relates only to operation by an "unlicensed person," in violation of §§ 15, 20 and 21.  Section 15 provides, in substance, that no person shall operate a motor vehicle upon any public highway until he shall have obtained an operator's license; § 21 prohibits operation of a public service motor vehicle by a person who has not obtained a special public service motor vehicle operator's license in addition to his regular operator's license.  The reason for including § 20 with these two sections must be, and be confined to, such feature of it, if any, as renders the person violating it "unlicensed."  Originally, before the provision making a license invalid for failure to indorse it was eliminated, operation under a license which had not been made valid by such indorsement would be within the scope of the statute, now § 61, as would, also, operation under a license which had expired by the limitation of time which was and is also imposed in the same section.  Since the 1919 amendment, however, the holder of a lawfully obtained operator's license, whether or not he has indorsed it, is not an "unlicensed person" and so not within the purview of § 61; but a person who has obtained a license on or before the last day of February but which license, under the provision of § 20 relating thereto, has expired at midnight on that day, becomes thereafter an "unlicensed" operator, unless he has obtained a renewal of his license.  This feature of § 20 affords a sufficient and the only apparent reason for the retention of the reference to that section in § 61; otherwise there is no more reason for the reference to § 20 than to the present § 19 and § 35 which, as above stated, were originally included, with § 20, in § 1532 of the General Statutes.

A helpful analogy is apparent between the question here presented and that relating to subsection (c) of § 1532 of the General Statutes (in which the provision now under consideration appeared as subsection (b),) which was decided in *Kiely* v. *Ragali,* 93 Conn. 454, 457, 106 Atl. 502. In that case the operator of the plaintiff's car, although a licensed driver, did not have with him his license card, as required by subsection (c), and it was claimed that there could be no recovery by the plaintiff because his motor vehicle, although legally registered, was being operated in violation of § 1532. The trial court charged, in substance, that if the jury found that the chauffeur was a licensed driver, the fact that he forgot to take his license with him would not, of itself, prevent a recovery. In sustaining this charge this court held that if an operator has lawfully obtained a valid and subsisting license, he does not become an "unlicensed person" within the meaning of § 1565 (now § 61) merely by omitting to carry the license on his person. No more reason appears why, in the present case, since the operator of the plaintiff's car held "a valid and subsisting license," he should be held to have become unlicensed by violating a similar provision, which was originally contained in the same statute (§ 1532).

The only instance in which a motor vehicle may be held to be operated by an "unlicensed person" in violation of a provision of § 20, and so within the scope of § 61, is when his operator's license has expired by the limitation of time therein specified. The driver of the plaintiff's car was not such an unlicensed person, and the plaintiff is not barred of recovery, under § 61, by his failure to indorse his operator's license.

There is error and a new trial is ordered.

In this opinion the other judges concurred.