Paul Gonchar *vs.* Lester Kelson et al.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued October 8th, 1931—decided February 9th, 1932.

*David Cramer* and *Harry Ossen,* with whom, on the brief, was *Sully I. Berman,* for the appellant (plaintiff).

*John C. Blackall,* with whom was *Charles H. Blackall,* for the appellee (defendant Roy).

MALTBIE, C. J.   This action is brought by the plaintiff to recover damages for injuries suffered by him when struck by an automobile owned and driven by the defendant Kelson.   The complaint joined as defendant Napoleon Roy and, as ground for liability on his part alleged that, while Kelson owned the automobile, it was not registered but, with intent to violate and in violation of the laws of this State he had procured from Roy number plates known as dealers' license plates which had been issued to Roy and which Kelson was displaying upon the car at the time of the accident; that Roy knowingly, intentionally and illegally transferred the plates to Kelson to be used in the operation of the automobile upon the highways; that that operation constituted a nuisance and that the in-

juries sustained by the plaintiff were caused by the negligence of the two defendants or by their acts in creating and maintaining a nuisance. After making these allegations the complaint went on to state that Kelson "was also negligent" in various ways, among them in that he failed to have his car equipped in a proper manner as required by law. The defendant Roy demurred to the complaint on various grounds which may be summarized as stating that the facts alleged showed no cause of action against him. The trial court sustained the demurrer and, the plaintiff failing to plead further, judgment was entered for Roy, from which the plaintiff has appealed.

Our statute provided, when the accident here involved occurred, and still provides, that before any motor vehicle shall be operated upon any highway it shall be registered in the office of the commissioner and that any person who shall operate or allow to be operated any such vehicle upon any public highway before it has been registered shall be subject to a certain penalty. When the legislature establishes a rule of conduct by statute and its purpose in so doing is to protect others from injury, a violation of that rule of conduct constitutes negligence. *Farrell* v. *Waterbury Horse R. Co.,* 60 Conn. 239, 247, 21 Atl. 675; *Pietrycka* v. *Simolan,* 98 Conn. 490, 495, 120 Atl. 310. In order to have that effect, however, the statute must be one intended to accomplish such protection. *Anthony* v. *Connecticut Co.,* 88 Conn. 700, 707, 92 Atl. 672; *Longstean* v. *McCaffrey's Sons,* 95 Conn. 486, 493, 111 Atl. 836; *Black* v. *Hunt,* 96 Conn. 663, 666, 115 Atl. 429. We have repeatedly said that the purposes of the law requiring the registration of motor vehicles were identification and revenue. *Shea* v. *Corbett,* 97 Conn. 141, 145, 115 Atl. 694; *Cusack* v. *Laube & Co., Inc.,* 104 Conn. 487, 490, 133 Atl. 584; *Morse* v. *Lash Motor*

*Co., Inc.,* 107 Conn. 137, 141, 139 Atl. 637. These decisions were all made, however, with reference to accidents occurring before amendment of the motor vehicle law in 1927 under which the commissioner was directed to refuse registration to any vehicle which he knew not to be equipped as required by law. Public Acts, 1927, Chap. 311, § 1; General Statutes, § 1558; Cumulative Supplement, 1931, § 275a. This change in the statute concerning registration marks an extension of the purpose of the law to assure, to the extent of proper equipment, protection of other users of the highway by requiring as a condition precedent compliance with the provisions of law governing such equipment before a motor vehicle can lawfully be operated upon the highways. The complaint in this action claims a recovery against Roy, not on the ground that he contributed to the production of negligence of any particular kind, but because of his contributing to bring about the fact that Kelson's automobile was being driven upon the highways without a proper registration. In order to base a recovery upon negligence in the violation of a statute, it must appear that the injury suffered was of a nature which the statute was intended to guard against. *Bourne* v. *Whitman,* 209 Mass. 155, 167, 170, 95 N. E. 404; 45 Corpus Juris, p. 727. "The violation of a statute which forbids the doing of certain acts does not give a cause of actionable negligence in favor of private individuals, unless the statute was designed to prevent such injuries as were suffered by the individual claiming damages, and unless it imposes upon the one violating the statute a specific duty for the protection or benefit of him who claims damage for the violation." *Longstean* v. *McCaffrey's Sons, supra,* p. 493. "It is a well-settled rule that a person cannot recover from another for negligence based upon the violation of a

statute or ordinance which is not intended for his protection. The rule which is applicable to actions for negligence based upon the violation of a statutory duty is to all intents and purposes the same as the rule applicable to actions for negligence based upon a violation of a common-law duty. Where there is no duty, there can be no negligence." *Anthony* v. *Connecticut Co., supra,* p. 707. In so far as the particular purpose of the amendment of the statute to protect users of the highway against the operation of motor vehicles without proper equipment is concerned, the allegations of the complaint are insufficient to support a recovery.

We turn then to the broad ground of recovery alleged that the mere operation of an unregistered automobile upon the highways in violation of a statute constitutes negligence. Obviously if such operation affords a ground of recovery for one who is injured in the course of it, it would equally afford a ground to defeat recovery by one who suffers injury by the negligence of another. A section of the motor vehicle law adopted in 1911 expressly provided that no recovery could be had in the courts of this State by the owner or operator of or any passenger in a motor vehicle which was not legally registered, for any injuries to person or property received by reason of its operation upon the public highways of the State, with a certain exception applicable to vehicles owned by non-residents. Public Acts, 1911, Chap. 85, § 19. In 1917 the statute was amended to leave out the prohibition against a recovery by an operator of or a passenger in an unregistered automobile. Public Acts, 1917, Chap. 333, § 47. In 1929 this provision of the motor vehicle law was finally repealed in its entirety. Public Acts, 1929, Chap. 256. Before the enactment of the law of 1911 one case came before us in which a recovery was

sought by the owner of a motor vehicle which was not properly registered and we held that he was not by that fact prevented from recovering his damages, on the ground that his breach of law in operating the car without a proper registration could not be deemed to have contributed to the accident. *Hemming* v. *New Haven,* 82 Conn. 661, 74 Atl. 892. It is true, however, as the appellant points out, that we noted that the statute then in existence did not make unlawful the operation of an unregistered automobile upon the highways, and expressly distinguished the case of *Dudley* v. *Northampton Street Ry. Co.,* 202 Mass. 443, 89 N. E. 25, on the ground that the Massachusetts statutes did contain such a prohibition. In *Shaw* v. *Connecticut Co.,* 86 Conn. 409, 85 Atl. 536, decided under the statute, we overruled a claim that the owner of a vehicle was debarred a recovery because at the time of the accident it displayed the number plates of an automobile dealer, holding that under the circumstances of the case the owner had the right to be operating it with those plates; but we did say (p. 413): "When a car is duly registered, the registration number attaches to the car. Without such registration number it cannot be lawfully operated upon the highways, it is a nuisance there." The statement that such a car is a nuisance we neither supported by reasoning nor did we discuss its subject-matter and now that we are faced with a situation where the question of liability in part at least turns directly upon the correctness of that assertion we cannot regard it as controlling. On the other hand, in *Kaufman* v. *Hegeman Transfer & Lighterage Terminal, Inc.,* 100 Conn. 114, 121, 123 Atl. 16, also decided under the provisions of the statute, in considering the question as it was involved in a situation where an automobile had been transferred, we said: "The legislature in

its wisdom has determined that public policy requires a new registration with each transfer, and that the general rule of law, that the unlawful act must have some causal connection with the injury complained of (*Hemming* v. *New Haven,* 82 Conn. 661, 74 Atl. 892), should not be applicable in the case of the illegally registered or unregistered automobile." Other cases decided under the provisions of the statute concerning unregistered automobiles present no considerations of assistance to us in our present inquiry.

Even if we could regard a violation of the statutory prohibition against the operating of automobiles without a proper registration as constituting negligence, it would still be true that before such violation could be a basis of recovery it would have to be shown to be a proximate cause of the injury. *Monroe* v. *Hartford Street Ry. Co.,* 76 Conn. 201, 206, 56 Atl. 498; *Farrington* v. *Cheponis,* 84 Conn. 1, 8, 78 Atl. 652; *Anthony* v. *Connecticut Co.,* 88 Conn. 700, 707, 92 Atl. 672; *Coffin* v. *Laskau,* 89 Conn. 325, 329, 94 Atl. 370; *Montambault* v. *Waterbury & Milldale Tramway Co.,* 98 Conn. 584, 590, 120 Atl. 145. We have already quoted from *Kaufman* v. *Hegeman Transfer & Lighterage Terminal, Inc.,* in which we strongly intimated that there was no causal connection between the operation of an unregistered vehicle upon the highways and injury caused to it or its operator by the negligence of the driver of another automobile. A case nearer in point is *Black* v. *Hunt,* 96 Conn. 663, 115 Atl. 429, wherein we held that the owner of a car who permitted it to be operated by an unlicensed driver was not thereby made liable for any injuries caused by it irrespective of any improper conduct of the driver; and we said (p. 666): "There is in this case no claim, and there could be no claim, that the failure of the driver to possess a license directly contributed to cause

the collision. It was merely a condition attending the collision, not a cause of it." The statute law in effect at the time of the injury involved in that action provided that "no person shall operate a motor vehicle upon any public highway of the State until he shall have obtained from the commissioner a license for such purpose." General Statutes, Rev. 1918, § 1530. In that case, as in the one before us, the only causal connection between the breach of law and the accident must have arisen out of the fact that the automobile would not have been upon the highway at all had the law been observed.

We have reviewed our own decisions which bear directly upon the question before us and no good purpose would be served by citing the many decisions rendered in other jurisdictions where similar questions have been presented. Except in Massachusetts they are almost unanimous in holding that the mere fact of an automobile being unregistered will not defeat a recovery for negligent injury caused by another. 1 Berry, Automobiles (6th Ed) § 279. If it is negligence at all, it is negligence which has no proximate causal relation to the injury which results. It is the way in which the automobile is operated and not the fact of its being registered or unregistered which really brings about the injury. To be sure the accident would not have occurred had the automobile not been upon the highway, and an unregistered automobile would not be there if the law had not been violated; but that would equally be true, if the automobile was being used in excess of the authority of a servant of the owner, yet the fact of such a disobedience could hardly be a ground for recovery from the owner by anyone injured in its operation; and so, if driven upon the highway by an unlicensed operator, it would not be there except for his breach of law; but as already

noted, we have held that this fact would not be regarded as a proximate cause of an injury arising out of that operation. In *Smithwick* v. *Hall & Upson Co.*, 59 Conn. 261, 269, 21 Atl. 924, we held that the conduct of a workman who took a position upon a certain part of a platform contrary to orders and was injured by a falling wall was not a proximate cause of his injury; we said: "If he had not changed his position he might not have been hurt. And so too if he had never been born, or had remained at home on the day of the injury, it would not have happened; yet no one would claim that his birth or his not remaining at home that day, can in any just or legal sense be deemed the cause of the injury." So in *Montambault* v. *Waterbury & Milldale Tramway Co.*, 98 Conn. 584, 589, 120 Atl. 145, we held that the fact that the plaintiff took his position upon the bumper of a street railway car, though it might have been negligence, was not a proximate cause of injury suffered by reason of another car running into it. Even if we could regard the operation of an unregistered automobile upon the highways as negligence, the mere fact that the law requiring registration had been violated would not occupy to an injury resulting from that operation such a causal relationship as would make it either a ground of action or a defense.

In his brief the plaintiff makes a further claim that as the statute expressly forbids the loaning of his number plates by a dealer, Roy's act in so doing would in itself be a ground of actionable negligence. General Statutes, § 1566 (c). The intent of this provision is obviously to make more effective the statutory provision designed to compel the registration of motor vehicles, by preventing conduct by which operators might seek to avoid the requirement of registration. It is incidental to the main purpose of compelling

registration and affords no different or better basis of recovery than those we have been discussing.

Nuisance is a word often very loosely used; it has been not inaptly described as "a catch-all of ill-defined rights." In its proper use, however, it involves as an essential element that it be the natural tendency of the act or thing complained of to create danger and inflict injury upon person or property. *Hoffman* v. *Bristol,* 113 Conn. 386, 389, 155 Atl. 499. Obviously that is not true of an automobile being driven upon the highway and the automobile though unregistered is in no true sense a nuisance. Its operation may not improperly be brought within the field of trespass because its operator is exercising an easement of passage over the highways without right. Indeed, in the earlier Massachusetts decisions an unregistered automobile upon the highway was classed as a trespasser rather than a nuisance. *Dudley* v. *Northampton Street Ry. Co.,* 202 Mass. 443, 448, 89 N. E. 25; *Feeley* v. *Melrose,* 205 Mass. 329, 333, 91 N. E. 306; *Chase* v. *New York Central & H. R. R. Co.,* 208 Mass. 137, 158, 94 N. E. 377; *Bourne* v. *Whitman,* 209 Mass. 155, 172, 95 N. E. 404. It was not until the case of *Fairbanks* v. *Kemp,* 226 Mass. 75, 78, 115 N. E. 240, that the description of such an automobile as a nuisance crept into the Massachusetts decisions, and it was then stated apparently without particular consideration of the nature or effect of a true nuisance. Regarding the operator of an unregistered automobile upon the highway as a trespasser, his act is a trespass against the owner of the fee of the highway. It is a new and strange doctrine to us that because of the mere fact of being a trespasser one who is perhaps entirely innocent of any act of wrongdoing apart from that trespass becomes liable for any injury he may do to another rightfully upon the land but not the owner of it.

We cannot concur in the decisions of the Massachusetts court that one who operates an unregistered automobile upon a highway is liable for any injury he inflicts to another lawful user of it because he is engaged in a trespass or is the creator of a nuisance. Other courts where like questions have arisen almost with unanimity have refused to follow the Massachusetts decisions. Note, 16 A. L. R. 1115, 54 A. L. R. 380. If the question be looked at as one of legislative intent, as Peaslee, C. J., states in *Clark* v. *Hampton,* 83 N. H. 524, 145 Atl. 265, our legislature has indicated in a way not to be mistaken that the mere fact of the operation of an unregistered automobile upon a highway is not to be regarded as determinative of the rights of its owner or driver in the event of injury resulting from that operation, because it expressly repealed the statutes which prevented a recovery, first by any owner or operator of or passenger in such an automobile, and later by any owner. Our conclusion is that the complaint states no facts which would render the defendant Roy liable to the plaintiff and the demurrer was properly sustained.

There is no error.

In this opinion the other judges concurred.