Pettingell, J.
Action of tort for personal injuries grow-
ing out of the operation of an automobile owned by the defendant, a dealer in automobiles doing business in Hartford, Connecticut. There was' a finding for the defendant. The main issue in the case is whether the defendant’s automobile was properly registered in Connecticut. If so, it was entitled in Massachusetts to be regarded as a properly registered car; otherwise, it was a trespasser on the highway in this Commonwealth.
The claim of illegality of registration is based on the fact that the defendant violated the law of Connecticut by loaning the automobile, upon which it had dealer’s registration, and its dealer’s number plates, to the operator of the automobile who went on a two weeks vacation with it. The Connecticut statute permitted only a five days loan and then only to certain designated persons, of whom the bailee was not one, and provided a criminal, penalty for a violation of the statute..
*183 The decision of the case involves a study of the conflicting theories of the registration of automobiles to be found in the two' jurisdictions of Massachusetts and Connecticut. In this Commonwealth, we are familiar with a theory of registration which is based upon strict compliance with the law as a prerequisite to legal question. In .Connecticut, registration of automobiles is held to be based upon principles of revenue and indentification. Absence of registration is not a factor unless it is shown to be the cause of the injury and not a mere condition. Gonchar v. Kelson, 114 Conn. 262.
Under the Connecticut statute cited by counsel, it appears that a car registered by a dealer is registered “until sold”. There is nothing in the statute, and no cases have been cited, showing that a violation of that part of the statute which imposes a penalty for loaning plates improperly has any effect upon the existing registration.
Gonchar v. Kelson, 114 Conn. 262, in a case in which the plaintiff alleged that the defendant, a dealer, had loaned his number plates improperly, that the automobile was not properly registered, and that the defendant, therefore, was liable as contributing to the injury. The defendant demurred to the declaration on the ground that it did not state a valid cause of action. In sustaining the demurrer, the court pointed out the differences in the view points of Connecticut and Massachusetts and refused to follow the Massachusetts precedents. So far as violation of a statute is evidence of negligence, the court held that such a violation is not material unless it is a cause and not a condition of the injury.
In view of the Connecticut theory that registration is not an essential factor for operation but is a matter of revenue and identification, and that dealer’s cars when registered are registered “until sold”, we feel constrained to rule that *184 in Connecticut a violation of the registration statute, even one carrying a criminal punishment, does not affect the registration of a car already effected.
There was no prejudicial error in the denial of the plaintiff’s first requested ruling which did not comply with Rule 27 of the District Courts (1932), Holton v. American Pastry Products Co., 274 Mass. 268, at 269; Moss v. Grove Hall Savings Bank, 290 Mass. 520, at 522; Magrath v. Sheehan, Mass. Adv. Sh. (1936) 2429, at 2430 (1936 A. D. R. Vol. 1, p. 60); nor in the denial of the fifth and seventh rulings which required the trial judge to find as fact that the automobile was illegally registered in Connecticut and therefore was a trespasser upon the highway in Massachusetts.
The report is to be dismissed.