STATE OF CONNECTICUT v. ROGER VERVILLE

COURT OF COMMON PLEAS    NEW LONDON COUNTY    FILE No. 2056

Memorandum filed May 5, 1949.

*Edward C. Hamill,* of Norwich, for the Plaintiff.

*George Gilman,* of Norwich, for the Defendant.

PARMELEE, J. The information charges in the first count that the accused "on the 28th day of February, 1949, being a resident of the State of Connecticut, and a person whose operator's license had been suspended or revoked, did operate a motor vehicle upon the public highway during the period of such suspension or revocation, contrary to ... sec. 2420 of the General Statutes, Rev. 1949." On the second count the accused is charged with operating a motor vehicle on the same date "without a license," contrary to § 2377 of the Revision of 1949. Both counts arise out of the same offense.

The case was presented on an agreed statement of facts which are as follows: On February 6, 1948, accused was notified in writing by the commissioner of motor vehicles to send his operator's license and identification plate to the commissioner's office and to consider his license and right to operate a motor vehicle under suspension from the date of the notice, as a result of his conviction for reckless driving. The notice further stated that the license would be returned at the expiration of fifteen days from the date it was received, provided there was compliance with requirements regarding proof of financial responsibility. Accused had been convicted of reckless driving

on December 15, 1947. Accused has returned his license and identification plate to the commissioner but has never furnished proof of financial responsibility.

On February 28, 1949, the accused was found driving a motor vehicle in the town of Montville and was arrested and subsequently charged and found guilty in the Montville Justice Court of operating a motor vehicle while his license was under suspension. From this conviction he has appealed to this court. Accused claims that although he is guilty of driving a motor vehicle without having an operator's license, he is not guilty of driving while his operator's license is under suspension, since his operator's license, which was suspended on February 6, 1948, had expired on April 30, 1948. He has never applied for, received or been refused another license.

Section 2457, Revision of 1949, provides that the commissioner may require proof of financial responsibility from an operator of a motor vehicle after certain violations, and that if such proof is required by the commissioner the license to operate a motor vehicle shall be suspended until such proof is furnished. Section 2420 provides among other things that no person whose operator's license or whose right to operate a motor vehicle has been suspended shall operate during the period of such suspension. Section 2377 provides that no person may operate a motor vehicle in this state without an operator's license, subject to certain exceptions and also reciprocal privileges with other states.

A motor vehicle license is purely a personal privilege granted by the state on account of fitness. *Cusack* v. *Laube & Co.*, 104 Conn. 487; *Shea* v. *Corbett*, 97 Conn. 141. Section 2456 states that nothing in the motor vehicle statutes shall be construed to prohibit the commissioner from suspending any operator's license for any cause that he may deem sufficient. Part (b) of this same section provides that whenever the holder of an operator's license shall commit certain offenses "the commissioner shall . . . suspend his operator's license," in some instances for a period of not less than five years. When a motor vehicle operator's license is suspended, it means not only that the operator's right to drive under that license is under suspension during that licensing year unless returned but also that the privilege to be a licensed operator is suspended during the period of suspension prescribed by the statutes or properly designated by the commissioner. In the case now before the

court, the suspension exists until the proof of financial ability is produced as required by § 2457. This has not been done, therefore the accused operated a motor vehicle on February 28, 1949, during the period of suspension, as charged in the first count of the information.