[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON MOTION TO STRIKE
By way of special defense, the defendant has pled in paragraph a. that the plaintiff was contributorily negligent in riding in a car driven by an unlicensed driver. Arguably, one might be careless in riding in a car a driver did not have to skill or ability to operate but the existence or nonexistence of a license is not determinative of that. Black v. Hunt,96 Conn. 663. Lack of such a license could not be deemed to be the proximate cause of the injury and is not therefore actionable negligence, either as a ground of recovery or defense.
The plaintiff's motion to strike the part of the special defense relating to licensure is therefore granted. CT Page 12067
The second ground of the plaintiff's motion to strike attacks paragraph b. of the special defense as legally insufficient because it alleges assumption of risk. In fact, the pleading asserts that the plaintiff entered the car and rode with the defendant driver when he knew she was impaired or intoxicated. If a reasonable person would not have done so, then this constitutes a proper allegation from which the jury could find contributory negligence. The motion is denied as to this special defense.
The third ground of the plaintiff's motion relates to a defense of failure to supervise. Subparagraph c. asserts that the defendant
 "Failed to properly supervise, direct, monitor, and/or guide the Plaintiff, Cathy Vaughan, in her operation of the subject motor vehicle on the date of the accident at issue, although he knew or should have known that he was the only adult and only operator licensed to operate a motor vehicle in the State of Connecticut in said vehicle at the time of said vehicle's operation by the Defendant, Cathy Vaughan."
A statute permits instruction by an experienced licensed driver. Gen. Stat. § 14-214. However, that is not what was alleged here. Nor was the factual setting in Novak v. Novak on which the defendant relies. There was no such legal duty on the plaintiff's part and for that reason subparagraph c. of the special defense is struck.
Finally, the plaintiff moves to strike the second special defense of joint venture. Because in viewing a motion to strike, facts are viewed most favorably to the pleader, Faulkner v.United Technologies Corp., 240, Conn. 580 (1997); and because "all facts were pleaded," are deemed admitted for the purposes of the motion, R.K. Constructors, Inc. v. Fusco Corp.,231 Conn. 383 n. 2, the motion to strike is denied as to the second special defense of joint venture.
Flynn, J.