VERA MARIE DEVITE *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 28th—decided July 31st, 1930.

*Charles A. Watrous,* with whom was *R. Blake Russell,* for the appellant (defendant).

*Joseph Weiner,* with whom was *William P. Gitlitz,* for the appellee (plaintiff).

PER CURIAM. The defendant's trolley tracks crossed at right angles the highway on which the plaintiff was traveling in an automobile, which had nearly crossed defendant's tracks, when defendant's trolley car ran into it causing the injuries to the plaintiff for the recovery of which she brings this action. The question on the appeal from the denial of the motion to set aside the verdict involves merely a weighing of the evidence, a determination of the facts which the jury might reasonably have found proven and the drawing of the legal conclusion from these facts.

(670)

A careful study of the evidence has satisfied us that the jury might reasonably have found that the injuries for which the plaintiff seeks to recover damages were caused by the negligence of the defendant as alleged, to which the plaintiff did not materially contribute.

Three portions of the charge are assigned as error. One accords with the ruling sustaining the demurrer to the second defense. This alleged that the plaintiff was not at the time of this accident licensed in this State to operate a motor vehicle. This ruling and the instruction to the jury that this defense, if true, would not deprive the operator of the car of the right to recover damages caused by one who had negligently caused injury to the operator were correct. Its admissibility is claimed upon the ground that the certificate to operate is based upon fitness and its non-possession is evidence that the operator does not possess this ability. The negligence of the operator is to be determined by the facts existing at the time of the accident; whether the operator has a license is a wholly immaterial consideration.

Neither of the other exceptions to the charge, which relate to the doctrine of "last clear chance," differ in material degree from the approved four conditions which we hold must be present to make this doctrine applicable. *Fine* v. *Connecticut Co.*, 92 Conn. 626, 631, 103 Atl. 901. The plaintiff did not claim that this doctrine was applicable until she was in the zone of danger "at or over the southerly rail of the westbound track." Nor does the charge, when fairly read, state otherwise. We think the defendant's claim in this particular is without merit as is its claim of excessive damages.

There is no error.