EDWARD PROSSER *v.* ROSE RICHMAN ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 4—decided July 9—reargued November 8—amended opinion filed December 5, 1946

254

_John P. Hodgson,_ for the appellant (plaintiff).

_DeLancey Pelgrift,_ with whom was _Harry H. Milkowitz,_ for the appellants (defendants).

JENNINGS, J.   The plaintiff, a six-year-old boy, was struck by a car and seriously injured.   The car was driven by Harold Richman, the fifteen-year-old son of Emanuel and Rose Richman.   The father was in the car and it was registered in the name of the mother.   The defendants admit that if Harold is liable both of his parents are liable.   The jury rendered a verdict of $18,000.   The court granted a motion to set it aside unless a remittitur of $4500 was filed.   None was filed and the verdict was set aside.   The plaintiff and the defendants appealed from the ruling of the court on the motion, the plaintiff claiming that the verdict should have been allowed to stand without a remittitur and the defendants that it should have been set aside altogether.   The defendants also filed a bill of exceptions in which they sought to test the correctness of the charge and rulings on evidence.   Practice Book § 364.   No error is found on the plaintiff's appeal and a new trial is necessary.   There is, therefore, no occasion to consider the defendants' appeal.   Their bill of exceptions is considered only as to questions which may arise on the new trial.   Conn. App. Proc. § 144.

The plaintiff's appeal is concerned solely with the question of damages. There was no serious dispute about the facts. They may be summarized as follows: The plaintiff was running home from school with other children, was pushed by one of them into the path of the backing car and was knocked down, the rear wheel injuring his left knee. The wound became infected and after the infection was cleared up two major operations were performed, the first to repair the damage to the injured ligaments and the second to replace the knee cap in its normal position, since as a result of infection, it was pulled over to the side instead of being in front. The accident occurred on December 18, 1941, and the plaintiff was in the New Britain hospital until March 23, 1942. He was then returned to the Children's Home, where he had been an inmate, and on August 9, 1943, was admitted to the Newington Home for Crippled Children. The operations referred to were performed at the Newington Home and he was still there at the time of trial, April 18, 1945. The leg was in traction for considerable periods both at the hospital and at the Newington Home. He lost time from school. His special damages were about $1500.

It would serve no useful purpose to rehearse the technical details of the treatment which appear at length in the record. The operations were remarkably successful and the plaintiff has a pretty good leg. The last doctor who treated him and who performed operations on the knee at the Newington Home estimated his permanent partial disability at 20 to 25 per cent. This estimate was based on the facts that the plaintiff would have to abstain from strenuous sports or other activities liable to put too

great a strain on the leg and that serious results might follow an accident rather than on what is ordinarily considered a loss of function, as for example, ankylosis.

The question of damages in personal injury cases, especially in these times of changing values, is always a difficult one. The duty of this court has been both concisely and comprehensively stated in *Cables* v. *Bristol Water Co.*, 86 Conn. 223, 84 A. 928. It is the action of the trial court which is reviewed, and that action will not be reversed unless the court's large discretion has been abused. Ibid.; *Brunetto* v. *Royal Exchange Assurance Co.*, 126 Conn. 569, 572, 13 A. 2d 138. In the case at bar the memorandum of decision shows that the evidence on damages was analyzed and appraised with particular care. The element of the decreasing value of the dollar was specifically mentioned. The trial court saw the plaintiff and the witnesses, and it is held that there was no abuse of discretion in ordering the remittitur. We do not intend to circumscribe the discretion of the trial court on a new trial. This should be exercised independently on the verdict and on the evidence as it is then presented.

The defendants' appeal from the denial of their motion to set aside the verdict in its entirety cannot be discussed profitably at this time because there is no way of anticipating the course of the evidence on the new trial. Their claim that the issue raised by the allegation of the complaint to the effect that the parents of Harold Richman were negligent in allowing an unlicensed and incompetent person to drive the car was irrelevant upon the claims of proof was correct. This will simplify the issues on the new

trial. The parents' liability for any negligence of Harold was admitted, and his negligence must be proven before they can be held liable. *Carlson* v. *Connecticut Co.*, 94 Conn. 131, 136, 108 A. 531; *Haliburton* v. *General Hospital Society*, 133 Conn. 61, 65, 48 A. 2d 261; and see *Kurtz* v. *Morse Oil Co.*, 114 Conn. 336, 342, 158 A. 906. As is indicated in *Greeley* v. *Cunningham*, 116 Conn. 515, 518, 165 A. 678, the application of the principle embodied in the allegation now being considered is limited to cases where the question of agency is not involved. It follows that the questions asked of an instructor as to the number and character of driving lessons necessary were irrelevant and should have been excluded.

A police officer testified that in talking with Emanuel Richman the following occurred: "Well, we told him that he was the fault of the accident in backing out of the driveway, and he said it would be taken care of, he was covered by insurance." The statement was not an admission of liability and should have been stricken out as requested by the defendants. *Danahy* v. *Cuneo*, 130 Conn. 213, 216, 33 A. 2d. 132. The other questions posed by the bill of exceptions are not likely to cause difficulty on a new trial.

There is no error.

In this opinion the other judges concurred.