RUPERT JOHNSON v. HENRY GOYETTE ET AL.

SUPERIOR COURT     TOLLAND COUNTY     FILE No. 5632

NEVILLE DIAS v. HENRY GOYETTE ET AL.

SUPERIOR COURT     TOLLAND COUNTY     FILE No. 5633

PAUL WITTER v. HENRY GOYETTE ET AL.

SUPERIOR COURT     TOLLAND COUNTY     FILE No. 5634

JOHN CLARK v. HENRY GOYETTE ET AL.

SUPERIOR COURT     TOLLAND COUNTY     FILE No. 5635

R. C. LASBURY, JR., ADMINISTRATOR v. HENRY GOYETTE ET AL.

SUPERIOR COURT     TOLLAND COUNTY     FILE No. 5706

Memorandum filed January 29, 1952.

*Simon S. Cohen,* of Rockville, *Robert E. Courtney, Jr.,* of Hartford, and *Butler, Volpe, Garrity & Sacco,* of Hartford and Manchester, for the Plaintiffs.

*Halloran, Sage & Phelon, Nathaniel Bergman, Charles Alfano, Charles H. Blackall* and *Naaman Cohen,* all of Hartford, for the Defendants.

MELLITZ, J. I have carefully reviewed the evidence presented in each of these cases and am satisfied that the verdicts rendered ought not to be disturbed.

In the case of Neville Dias the expense for medical care and treatment up to the time of trial totaled $9952. Before his injuries he earned approximately $37 a week and his loss of earnings up to the time of trial was approximately $4000. For all practical purposes he will continue to be totally disabled. He is 34 years old and his life expectancy is 30.61 years. Considering the extremely serious and permanent nature of the injuries he sustained, his long hospitalization and the treatments to which he has been subjected, the continued impairment of his bowel function and the treatments he will continue to require in the future, the fact that he still cannot get about without assistance

and will never get along without the aid of crutches or canes, and his practically total disability so far as earning power is concerned, he was entitled to very substantial damages for the permanent injuries he has sustained, the pain and suffering he has endured, his future suffering and discomfort, and his future loss of earning power and capacity. For these elements it would appear that the jury awarded him approximately $67,000, and while this is a large sum of money it certainly appears to be a sum which the jury was reasonably warranted in awarding. Particularly is this true in the light of the fact that the jury was instructed that it could take into account, in awarding damages, the current value of the dollar. *Monczport* v. *Csongradi,* 102 Conn. 448, 453; *Prosser* v. *Richman,* 133 Conn. 253, 256. It is difficult to measure in terms of money the elements which the jury was required to consider and evaluate, and for which the plaintiff Dias is entitled to fair and adequate compensation. The question is always a difficult one and especially so in these times of changing values. *Prosser* v. *Richman,* supra. It has been frequently reiterated that damages in personal injury cases cannot be computed mathematically, and that the matter is one peculiarly within the province of the jury, whose determination should not be set aside unless it appears that the sum awarded is plainly excessive and exorbitant. *Szivos* v. *Leonard,* 113 Conn. 522, 525; *Sadonis* v. *Govan,* 132 Conn. 668, 670. In considering the five cases before it, the jury deliberated for approximately seven hours. The verdicts, when reported, impressed me as reflecting exceptionally careful and able consideration and analysis of the mass of testimony, mostly medical, involving injuries of varying kinds and degrees of severity, which had been presented during the four weeks of trial. There is nothing to indicate that the jury was swayed by passion, ignorance, partiality or corruption in the award of $81,323 which it made in the Dias case. *Burns* v. *Metropolitan Distributors,* 130 Conn. 226, 228.

The same may be said of the verdict of $43,000 in the case of John Clark. The atlas, or first vertebra upon which his head rests, was fractured into many pieces. Because of the extreme vulnerability to injury of the spinal cord in that area with consequences that could cause immediate death, it was required that tongs be placed in his skull in order to hold his head in position and permit traction to guard against injury to the spinal cord. In this manner his head was held immobile for about a month, after which for about two months or more a plaster cast was applied around his head and neck down to his pelvis. Thereafter

he continued to be hospitalized for about six months with a collar and sandbag fitted around his neck, and after his discharge from the hospital he continued to require the use of the collar for at least six months. He developed an emotional reaction and hysteria which necessitated continued medical treatment and further hospitalization. He was able to return to work May 1, 1951. His injuries resulted in a 10 to 15 per cent permanent partial disability. He was earning approximately $52 a week, and his loss of earnings totaled about $4000. His expenses for medical care and treatment totaled $4369.

In the case of R. C. Lasbury, Jr., administrator, the decedent John W. Green (also known as Alex Reid) was 24 years old at the time of his death. His life expectancy was 36.46 years. His earnings were at the rate of approximately $40 a week. He had enjoyed excellent health and was an able-bodied farm worker. While it is true that he was in the United States on a temporary visa as a worker under contract and was in a position because of that status to receive the wages he was earning, there is nothing to indicate that he was not likely to continue to do so indefinitely so long as the conditions existed which would require workers in his category. He had worked previously at different times in various parts of the country in a similar status and it may be said fairly that his wonted activities prior to his death included employment in the United States at the work in which he was engaged at the time of his death. The verdict of $15,000 does not appear to be one which the jury could not have reasonably awarded.

The verdicts in the cases of Paul Witter and Rupert Johnson do not, in my opinion, require analysis or discussion.

The motion to set aside the verdict, in each case, is denied.