[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (#119)
Facts CT Page 921
The plaintiffs, Deborah Whitely, Stephen Wright and Daniel Wright, have brought this action against the defendants, Robert J. Sebas, Robert S. Sebas, Thomas Wright, Willian J. Burns, Commissioner of Transportation, and T.V.J.L. Limited Partnership.
This action arises from the following facts as alleged in the twelve count complaint. The defendant Robert S. Sebas was driving a pick-up truck owned by Robert J. Sebas, in the course of his employment, when he went through a red light and collided with the automobile in which the minor plaintiffs, Stephen and Daniel Wright, were passengers. The minor plaintiffs sustained severe, disabling and permanent injuries as a result thereof. The first and third counts of the complaint are relevant to the instant motion to strike. The first count of the complaint alleges negligence against Robert S. Sebas and negligence through respondeat superior against Robert J. Sebas. The third count of the complaint alleges negligent entrustment against Robert J. Sebas. The third count alleges that Robert S. Sebas was not fit to operate a pick-up truck due to his past history of negligent driving, which was known by Robert J. Sebas.
The defendants, Robert J. Sebas and Robert S. Sebas, filed a motion to strike the third count of the complaint, with a memorandum of law in support, on June 8, 1990. The plaintiffs filed a memorandum of law in opposition on June 21, 1990.
Discussion
The defendants argue, in support of the motion to strike the third count, that by so moving they have admitted all allegations of fact well pleaded in the complaint. They argue that "it is perfectly clear that the defendant/owner for the purpose of the Motion to Strike is admitting that the driver of the pick-up truck, his son, is his agent, servant or employee and that his son was operating the pick-up truck with the owner's authority and permission and within the scope of his employment." The defendants argue that count three is legally insufficient and improper; since the doctrine of respondeat superior is used in count one, the doctrine of negligent entrustment cannot be relied on for count three. The defendants' argument is that since they have admitted, by way of this motion, that the doctrine of respondeat superior is applicable, the plaintiff cannot maintain a cause of action for negligent entrustment. Prosser v. Rickman, 133 Conn. 253, 256-257 (1946). The plaintiffs argue, in their memorandum in opposition, that a motion to strike only tests the legal sufficiency of CT Page 922 the cause of action in question. The plaintiffs argue that they have sufficiently set forth a cause of action in negligent entrustment.
 "It is . . . generally held that the owner may be liable for injury resulting from the operation of an automobile he loans to another, when he knows or ought reasonably to know that the one to whom he entrusts it is so incompetent to operate it, by reason of inexperience or other cause, that the owner ought reasonably to anticipate the likelihood that in its operation injury will be done to others."
Greeley v. Cunningham, 110 Conn. 515, 518 (1933).
 "However, where the circumstances warrant, one injured by the negligent operation of a motor vehicle driven by one other than the owner may seek recovery from the owner both upon theory of respondeat superior and upon the theory that the owner knowingly entrusted the operation of his motor vehicle to an incompetent driver. Generally though, once the owner-principal has admitted respondeat superior liability for the acts of the driver-agent, the issue of negligent entrustment becomes immaterial and renders proof thereof unnecessary and improper."
7A Am. Jur.2d 872, Automobiles and Highway Traffic section 643; see also Prosser v. Richman, 133 Conn. 253, 256-257
(1946).
Here, the defendants attempt to use the motion to strike as their admission to liability of respondeat superior alleged in count one. Although in a motion to strike the facts in the complaint are taken as true, Amodio v. Cunningham, 182 Conn. 80, 82 (1980), the defendants cannot use the motion as an admission of liability. That is not the purpose of a motion to strike.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint or any one or more counts thereof, to state a claim on which relief can be granted. Conn. Practice Book section 152; Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The practice of accepting well pleaded facts in the complaint as true for purposes of a motion to strike does not transform those facts into admissions by an opposing party in the opinion of this court, although such a rule most certainly CT Page 923 would help reduce the court's backlog. There has been no admission by the defendant Robert J. Sebas that he is responsible for any proved negligence of his son under an agency or respondeat superior theory as alleged in count one of the complaint.
Moreover, the motion to strike is directed only at count three of the complaint. This court believes that the correct rule is that it must accept as true "the challenged factual allegations and the facts necessarily implied therefrom." Ribicoff v. Division of Public Utility Control, 38 Conn. Sup. 24,27 (Super.Ct. 1980).
Count three of the complaint sounds in negligent entrustment and contains no facts which could be construed as admissions on the respondeat superior theory. It is the factual allegations concerning negligent entrustment which are accepted as true for purposes of this motion to strike.
For the foregoing reasons, the defendants' arguments in support of the motion to strike must fail and, accordingly, the motion to strike is denied.
So ordered.
HARTMERE, J.