[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant has moved to strike counts five and six of the complaint for the reason that these counts allege losses of parental consortium. The defendant claims that Connecticut courts do not recognize loss of parental consortium as a cause of action.
The plaintiff claims in count five that as a result of the injuries to the plaintiff, David J. Beckwith, allegedly caused by the defendant, his son Shawn Beckwith, age 14, suffered a loss of the financial support, services, care, society, affection, companionship and consortium of his father. Count six makes the same claim as to the plaintiff, David J. Beckwith's son, Chad Beckwith, age 10.
The parties agree that there is no appellate court case in Connecticut that has directly addressed the issue of a minor child's claim for loss of parental consortium. The defendant has cited two Superior Court cases, Crocco v. Lieb,6 Conn. L. Rptr. 426 (1992, Gaffney, J.); and Zlotoff v. Perugini, 6 Conn. L. Rptr. 426 (1991, Gaffney, J.).
The plaintiffs have cited the case of Kizina v. Minier, 7 C.S.C.R. 339 (Mar. 16, 1992) (Judicial District of Waterbury, Santos, J.). In that case, Judge Santos ruled that children do have a cause of action for loss of parental consortium against the tortfeasor who has negligently injured the parent. Judge Santos cites eleven cases from other jurisdictions all of which recognize a cause of action for the loss of filial or parental consortium. Id. at 340 (citing Hibpshman v. Prudhoe Bag Supply, Inc., 734 P.2d 991
(Alaska 1987); Villareal v. State Dept. of Trans., 774 P.2d 213
(Ariz. 1989); Ferriter v. Daniel O'Connell's Sons, Inc.,443 N.E.2d 690 (Mass. 1980); Berger v. Weber, 303 N.W.2d 424
CT Page 2642 (Mich. 1981); William v. Hood, 804 P.2d 1131 (Okla. 1990); Reagan v. Vaughn, 804 S.W.2d 463 (Tex. 1990); Hay v. Medical Center Hospital of Vermont, 496 A.2d 939 (Vt. 1985); Ueland v. Reynolds Metals Co., 691 P.2d 190 (Wash. 1984); Belcher v. Goins, 400 S.E.2d 830 (W.Va. 1990); Theama v. City of Kenosha, 344 N.W.2d 513 (Wis. 1984); Nulle v. Gillette-Campbell Fire Board, 797 P.2d 1171 (Wyo. 1990)).
The court stated:
 The movement of the law is clearly in the direction of recognition of a child's claim for damages for loss of consortium resulting from a parent's injury, and this court's recognition of the cause of action is consistent with the principle articulated in Hopson.
Id. at 340 (citing Hopson v. St. Mary's Hospital,176 Conn. 485 (1979)).
The Hopson case for the first time in Connecticut allowed a spousal loss of consortium claim. Prior to that, such claims were denied. Hopson, supra, spelled out in detail the evolving of the law on spousal consortium and the changes that occurred in 1950 where, in a landmark case, the Court of Appeals of the District of Columbia circuit held that a wife has a cause of action for loss of consortium due to a negligently inflicted injury upon her spouse by a third party.
Hitaffer v. Argonne Co., 183 F.2d 811 (D.C. Cir. 1950). In Hitaffer, the court held that a wife has a cause of action for loss of consortium. since Hitaffer, many states have reversed their earlier positions and have permitted recovery for loss of consortium by a wife even though prior decisions had held that neither party could bring such action. Hopson, supra, p. 489.
The reasoning of the Hopson court regarding loss of consortium claims by spouses has been extended by some courts on the basis that Connecticut's public policy to strengthen the family and protect children from injury and neglect compels the recognition of a parental consortium cause of action. Henderson v. Micciche, 6 Conn. L. Rptr. No. 11, 317, CT Page 2643 318 (May 18, 1992) (Judicial District of Waterbury, Murray, J.). The court stated that a child's evolving rights under the federal constitution and the "increased awareness in society of a parent's necessary role" are compelling reasons why parental consortium claims are legally recognizable. Id.
The Hopson court recognized that part of the consortium claim extended to the family: "Moreover, an in jury to one's spouse may turn a happily married man or woman into a life-long nurse and deprive him or her of an opportunity of having children and of raising a family." Hopson, supra, p. 493. If the deprivation of the opportunity to have a family is quantified in a loss of spousal consortium claim, then there is reason to recognize that the loss of a parent's companionship vests a child with a loss of consortium cause of action.
Accordingly, the defendant's Motion to Strike Counts Five and Six is hereby denied.
Hurley, J.