[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE CT Page 3073
On November 6, 1992, the plaintiffs, Janice Giatrelis, Alexandra Giatrelis, and Nicholas Giatrelis, Jr. filed a seven count complaint against the defendants, Justin Krauss and Dwight Pederson. The plaintiffs allege that while driving her car on December 19, 1990, Janice Giatrelis was struck from behind by a car driven by the defendant, Justin Krauss. The plaintiffs further allege that the accident and injuries sustained by Janice Giatrelis were due to the negligence of the defendant, Justin Krauss, while he was driving a car owned by the defendant, Dwight Pederson.
Counts four and seven are directed at the defendants Krauss and Pederson, respectively, and each count alleges a loss of parental consortium on behalf of Alexandra Giatrelis, the daughter of Janice Giatrelis.
Before the court is a motion to strike the fourth and seventh counts filed on behalf of both defendants alleging that these counts fail to state a claim upon which relief can be granted because Connecticut does not recognize a claim for loss of parental consortium.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). The test for deciding whether to grant a motion to strike is to ask "whether, if the facts alleged are taken to be true, the allegations provide a cause of action. . . ." County Federal Savings Loan Ass'n v. Eastern Associates, 3 Conn. App. 582,585, 491 A.2d 401 (1985). If the facts provable under the complaint support a cause of action, the motion to strike shall be denied; Mingachos v. CBS, Inc., supra, 108-09; but where the complaint alleges legal conclusions unsupported by facts, the motion to strike shall be granted. Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208, 211, 535 A.2d 390 (1988).
In Mahoney v. Lensink, 17 Conn. App. 130, 550 A.2d 1088
(1988) rev'd in part on other grounds, 213 Conn. 548,569 A.2d 518 (1990); the court stated that "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship." (Emphasis added.) Id., 141. The court also stated in a footnote, that CT Page 3074 "[n]o appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Id. Restatement (Second) of Torts Section 707A (1977) further states, "[o]ne who by reason of his tortious conduct is liable to a parent for illness or other bodily harm is not liable to a minor child for resulting loss of parental support and care."
In support of her objection to the motion to strike, the plaintiff Alexandra Giatrelis cites Henderson v. Micchiche, 6 CTLR 317, (1992), and Kizina v. Minier, 5 CTLR 481, (1992), for the proposition that a claim for loss of parental consortium does exist. However, a great majority of other superior court cases have held that until the appellate courts extend consortium to the parent-child relationship, they will not do so. See, e.g., Reardon v. Middlesex Hospital, Superior Court, judicial district of New London, Docket No. 522694 (August 27, 1992); O'Hazo v. Sousa, 7 CTLR 62 (1992); Michaud v. St. Mary's Hospital,4 Conn. L. Rptr. 442 (1991); Livingston v. Avery Center Obstetrics 
Gynecology, 1 Conn. L. Rptr. 464 (1990); Seger v. Dunne,3 CSCR 233 (January 22, 1988, Hennessey, J.); Shattuck v. Gulliver,40 Conn. Sup. 95 (2984); (1984, Pickett, J.); Hinde v. Butler,35 Conn. Sup. 292 (1979). (Super.Ct. 1979).
This court fully agrees with the reasoning of Judge Zampano in ruling that a loss of parental consortium claim does not exist in Connecticut.
"It is clear that the Connecticut Supreme Court in Hopson, limited its consortium ruling to the marriage relationship. . . . Neither the court's rationale, nor any reasonable inference to be drawn therefrom, permits a conclusion that it intended to overrule its prior decisions which proscribed loss of consortium claims by minor children." Clark v. Romes, 561 F. Sup. 1209 (D. Conn. 1983).
Accordingly, the motion to strike counts four and seven of the complaint is granted.
Hadden, J. CT Page 3079-A