[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Brennan, McNamara Baldwin for plaintiffs.
Roger Brewer for defendant.
MEMORANDUM OF DECISION
This action arises out of an automobile accident in which Michael Paradiso, Sr. was killed. On July 21 1992, the plaintiffs, Michael Paradiso, Jr., Alicia Paradiso, Elena Paradiso, and Carla Paradiso, filed a six count complaint against the defendant, John Nasinka. The plaintiff's Michael Paradiso, Jr. and Alicia Paradiso are minors and bring this action by their mother, Carla Paradiso. The plaintiffs allege that on April 3, 1991, Michael Paradiso, Jr. was a passenger on the front seat of a pickup truck being operated by his father Michael Paradiso, Sr. They were traveling south on Route 8 Waterbury. The plaintiffs further CT Page 11-G allege that the defendant John Nasinka, was traveling north on the same highway when he negligently lost control of his vehicle, struck the guard rail, became airborne, crossed over the median and crashed head-on into the Paradiso vehicle, causing fatal injuries to Michael Paradiso, Sr. and serious injuries to Michael Paradiso, Jr.
In the first count of the complaint, Michael Paradiso, Jr. alleges liability based on the negligence of the defendant. In the second count, Michael Paradiso, Jr. states a cause of action for bystander emotional distress. Counts three, four, and five state claims for loss of parental consortium by the defendant's children, Michael, Jr., Elena, and Alicia. Count six is brought by Carla Paradiso for the loss of consortium caused by the injuries to her son, Michael Paradiso, Jr.
On February 25, 1993, the defendant filed a motion to strike counts two, three, four, five, and six on the ground that they fail to state a claim upon which relief can be granted. Pursuant to Practice Book § 155, the plaintiffs and the defendant have submitted memoranda of law in support of their respective positions.
A motion to strike challenges the legal sufficiency of a pleading;Ferryman v. Groton, 212 Conn. 135, 142, 561 A.2d 432
(1989); or any count thereof. Practice Book § 152. A motion to strike properly admits all well-pleaded facts. Mingachos v. CBS.,196 Conn. 91, 108, 491 A.2d 368 (1985) "If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action . . . the complaint is not vulnerable to a motion to strike." Bouchard v. People's Bank, 219 Conn. 465,471, 594 A.2d 11 (1991).
I. Count Two: Bystander Emotional Distress
In support of the motion to strike, the defendant cites Strazza v.McKittrick, 146 Conn. 714, 156 A.2d 149 (1959), for the proposition that Connecticut does not recognize a cause of action for bystander emotional distress. The defendant also asserts that "[i]t has not been alleged in the complaint that the plaintiff Michael Paradiso, Jr. actually witnessed the injuries to his father." In opposition, the plaintiffs cite various trial court decisions in support of their argument that Connecticut recognizes a cause of action for bystander emotional distress.
The Connecticut Supreme Court has addressed the issue of CT Page 11-H recovery for bystander emotional distress on three occasions;Strazza v. McKittrick, supra; Amodio v. Cunningham, 182 Conn. 80,438 A.2d 6 (1980), and Maloney v. Conroy, 208 Conn. 392,545 A.2d 1059 (1988).
In Strazza v. McKittrick, supra, a plaintiff mother sought recovery for emotional distress that she allegedly suffered as a result of fearing injury to herself and her son when a truck crashed into her rear porch. The court held that while the plaintiff may recover for emotional distress caused by fear of injury to herself, "there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." Strazza v. McKittrick, supra, 718-19.
In Amodio, the court addressed the issue of bystander emotional distress within the context of a medical malpractice action. In making its decision the court discussed Dillon v. Legg, 63 Cal.2d 728,441 P.2d 912 (1968), which is the first case to recognize such a cause of action. The court in Dillon established the following three criteria for recovery for bystander emotional distress:
 (1) The plaintiff was located near the scene of the accident, as contrasted with one who was a distance away from it;
 (2) The shock resulted from a direct and emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence;
 (3) The plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.
 Dillon v. Legg, supra, 740-41.
Although the court in Amodio did not specifically adopt the Dillon
test, the court concluded that the plaintiff failed to meet its requirements. Amodio v. Cunningham, supra, 92. "Even were we inclined to adopt the approach taken in Dillon . . . the complaint in the present case would nonetheless fail to state a cognizable cause of action." Id.
In Thing v. LaChusa, 48 Cal.3d 644, 771 P.2d 814 (1989), the California Supreme Court refined the Dillon requirements for setting forth a claim for bystander emotional distress. The elements CT Page 11-I are:
(1) The plaintiff must be closely related to the injury victim;
 (2) The plaintiff must be present at the scene of the injury-producing event at the time it occurs and aware that it is causing injury to the victim;
 (3) As a result, the plaintiff suffers serious emotional distress, a reaction beyond that which would be anticipated in a disinterested witness and which is not a normal response to the circumstances.
Id., 820.
In Maloney v. Conroy, supra the Connecticut court again rejected a bystander emotional distress claim in the context of medical malpractice. The court held that:
 Whatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza that "there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another."
Maloney v. Cunningham, supra, 402.
Superior court decisions have interpreted the three Supreme Court decisions to both allow recovery by a bystander for emotional distress; see e.g., Finley v. Masiello Bus Co.,8 Conn. L. Rptr. 1
(November 24, 1992, Rush, J.); Doe v. Shop-Rite Supermarkets,7 Conn. L. Rptr. 330 (September 15, 1992, Leuba, J.);Short v. State, 4 Conn. L. Rptr. 77 (May 13, 1991, Schimelman, J.); Salvadori v. Rivera, 4 Conn. L. Rptr. 16 (May 2, 1991, Lewis J.); Robson v. Schoenster, 3 Conn. L. Rptr. 275 (February 21, 1991, Ryan J.); Glendening v. Weis, 41 Conn. Sup. 165,560 A.2d 995 (October 4, 1988, Hammer, J.); and to bar recovery by a bystander for emotional distress; see e.g., Silva v. Carlson,5 Conn. L. Rptr. 433 (January 9, 1992, Mihalakos, J.); Messina v.Vellafonck, 5 Conn. L. Rptr. 329 (December 11, 1991, Gray, J.);Carter v. Shaw, 5 Conn. L. Rptr. 248 (November 25, 1991, Fracasse, J.); Uricheck v. Amazing Stores, Inc., 4 Conn. L. Rptr. 320
(July 16, 1991, Murray, J.); Belanger v. Glastonbury,3 Conn. L. Rptr. 478 (April 22, 1991, Freed, J.). CT Page 11-J
In the present case, the plaintiff, Michael Paradiso, Jr., alleges in count two of the complaint that he was seated next to his father when their vehicle was hit "head-on" by the defendant's vehicle, causing fatal injuries to his father.
Michael Paradiso, Jr. further alleges that he suffered and continues to suffer extreme emotional distress as a result of the incident. The plaintiff has sufficiently plead the requisite elements for recovery for bystander emotional distress. Accordingly, the defendant's motion to strike count two of the plaintiffs, complaint is denied.
II. Counts Three, Four, Five, and Six: Parent-Child Consortium
In his memorandum of law in support of the motion to strike, the defendant cites six trial court decisions and asserts that "[l]oss of consortium on behalf of children is not a recognized action in Connecticut." In opposition, the plaintiffs attach Kizina v. Minier,7 CSCR 339, (March 16, 1992, Santos, J.) and argue that it is time for the recognition of loss of consortium claims asserted by children.
Connecticut now recognizes a cause of action for the loss of spousal consortium. Hopson v. St. Mary's Hospital, 176 Conn. 485,487 408 A.2d 260 (1979). The court in Mahoney v. Lensink,17 Conn. App. 130, 141 n. 7, 550 A.2d 1088, (reversed in part on other grounds) 213 Conn. 548, 569 A.2d 518 (1990), stated that the "right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship."Id., 141. That case, however, involved a claim under the wrongful death statute and the court noted that "[n]o appellate court has yet addressed squarely the issue of whether under any circumstances, a cause of action for the loss of filial consortium lies." Id., 141 n. 7. The majority of superior court decisions have held that there is no cause of action for consortium arising out of the parent-child relationship. See e.g. Giatrelis v. Krauss,8 CSCR 420 (March 31, 1993, Hadden, J.); Reardon v. Middlesex Hospital, Superior Court, Judicial District of New London, Docket No. 522694 (August 27, 1992, Hendel, J.); O'Hazo v. Sousa,7 Conn. L. Rptr. 62 (July 8, 1992, Langenbach, J.); Michaud v. St. Mary'sHospital, 4 Conn. L. Rptr. 442 (August 21, 1991, Byrne, J.); Livingstonv. Avery Center Obstetrics Gynecology,1 Conn. L. Rptr. 464 (April 9, 1990, Meadow J.); Seger v. Dunne, 3 CSCR 233
(January 22, 1988, Hennessey, J.); Shattuck v. Gulliver,40 Conn. Sup. 95, 481 A.2d 1110 (June 22, 1984, Pickett, J.); HindeCT Page 11-Kv. Butler, 35 Conn. Sup. 292 (Super.Ct., July 5, 1979, Lexton, J.).
However, at least three superior court decisions have permitted loss of consortium claims by a child based on injuries to the parent.Kizina v. Minier, supra; Henderson v. Micciche,6 Conn. L. Rptr. 317 (May 1, 1992, Murray, J.); Beckwith v. Akus,8 CSCR 364 (March 15, 1993, Hurley, J.).
In Kizina, the court, Santos, J., looked to other jurisdictions which have recognized a child's claim for loss of parental consortium and stated, "[t]he movement of the law is clearly in the direction of recognition of a child's claim for damages for loss of consortium resulting from a parent's injury, and this court's recognition of the cause of action is consistent with the principle articulated in Hopson, supra." Kizina v. Minier, supra, 340.
In Henderson, the court, Murray, J., stated:
 Allowing this right [of loss of consortium] in behalf of the minor child is . . . in our opinion compelled by the State's public policy to strengthen the family and to protect children from injury and neglect. . . . [T]he evolving recognition of a child's rights under the federal constitution and the increased awareness in the society of a parent's necessary role in the nurturing of the minor child also compel us to find these loss of parental consortium claims legally cognizable.
Henderson v. Micciche, supra, 318.
In Beckwith, the court, Hurley, J., examined the spousal consortium language in Hopson and stated, "If the deprivation of the opportunity to have a family is quantified in a loss of spousal consortium claim, then there is reason to recognize that the loss of a parent's companionship vests a child with a loss of consortium cause of action. Beckwith v. Akus, supra.
This court agrees with the reasoned decisions in Kizina, Henderson, and Beckwith that recognize a child's claim for loss of parental consortium. Accordingly, the defendant's motion to strike counts three, four, and five of the plaintiff's complaint is denied. However, this court does not recognize a loss of consortium claim by a parent for injuries to a child. See Hendrickson v.Frick, Superior Court, Judicial District of Middlesex, Docket No. 066630 (April 15, 1993, Higgins, J.); Toscano v. Sinsteden,8 CSCR 372 (March 8, 1993, Wagner, J.). Accordingly, the defendant's CT Page 11-L motion to strike count six is granted.
Gray, J.