[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff Jaime Rodriguez has filed this seven count complaint alleging that as a result of the negligence of the defendant Housing Authority of the City of Bristol, he fell and was injured at the defendant's Cambridge Park Housing project. The defendant moves to strike the fifth and seventh counts of the complaint and the claim for attorney's fees. CT Page 3469
1.
In the fifth count, Mr. Rodriguez' wife, the plaintiff Estrella Rodriguez, seeks recovery for emotional distress resulting from the injuries suffered by her husband. The Authority has moved to strike this count as our Supreme Court has not recognized a cause of action for bystander emotional distress. This issue was first discussed and rejected in Strazza v. McKittrick, 146 Conn. 714, 718-719 (1959) and then again in Amodio v. Cunningham, 182 Conn. 80, 84 (1980), a malpractice case, in which the court noted that other jurisdictions were allowing the cause of action. The court discussed the leading case of Dillon v. Legg, 68 Cal.2d 728, 441 P.2d 912 (1968) in which the California Supreme Court allowed a claim by a mother who had seen her child struck and killed by an automobile. The Dillon court set forth three criteria to maintain the claim:
 (1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.
Id. 740-41. In Maloney v. Conroy, 208 Conn. 392, 402 (1988), the court again reviewed the criteria for bystander emotion distress, in the context of a medical malpractice case, and stated "we are not inclined to resume our dalliance with the Dillon guidelines. . ."
The Connecticut trial courts have not followed the same path as some have recognized the claim see e.g., Paradiso v. Nasinka, 9 CSCR 227 (March 7, 1994 Gray, J.); Doe v. Shop-Rite Supermarkets, 7 CTLR 330 (September 15, 1992 Leuba, J.); and Salvadori v. Rivera, 4 Conn. L. Rptr. 278
(May 2, 1991, Lewis, J.); Cf. Murphy v. Banziruk, 8 CTLR 331
(February 8, 1993, Pickett, J.); others have refused to recognize it. See e.g., Silva v. Carlson, 5 CTLR 433 (February 3, 1992, CT Page 3470 Mihalakos, J.); Carter v. Shaw, 5 CTLR 248 (December 16, 1991), Fracasse, J.); Seymour v. Patterson, 5 CSCR 932 (November 8, 1990, Freed, J.). Until the Supreme Court or the legislature approves of this cause of action, this court refuses to do so.
Moreover, even if such a cause of action is recognized in Connecticut, it would have to satisfy the Dillon criteria as refined by Thing v. LaChusa, 771 P.2d 814 (1989). In order to recover for bystander emotional distress under the Thing criteria, the following elements must be alleged:
 [A] plaintiff may recover damages for emotional stress caused by observing the negligently inflicted injury of a third person if, but only if, said plaintiff: (1) is closely related to the injury victim; (2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress — a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances.
Thing, 771 P.2d at 829-830.
The complaint fails to sufficiently allege the second element of the test defined in Thing, i.e., being present at the incident. This cause of action must therefore fail.
2.
The defendant also moves to strike the seventh count of the complaint in which the minor children of Jaime Rodriguez attempt to allege a cause of action for loss of parental consortium. Several trial courts have refused to allow this claim. See e.g., Finley v. Mosiello Bus Co., 7 CSCR 1357 (December 21, 1992, Rush, J.); Reardon v. Middlesex Memorial Hospital,7 Conn. L. Rptr. No. 11, 299 (October 5, 1992, Hendel, J.); O'Hazo v. Souza, 7 Conn. L. Rptr. No. 2, 62 (July 18, 1992, Langenbach, J.).
In Kizina v. Minier, 5 Conn. L Rptr. 481, 483 (January 24, 1992) Judge Santos reasoned that allowing recovery for CT Page 3471 such a loss will assist "a child in adjusting to his or her loss and becoming a productive adult" and recovery of damages would "permit the child to obtain professional counseling or other assistance to help him or her deal with the loss." The Kizina court rejected the arguments that loss of parental consortium claims are too subjective to be evaluated by juries and that the recognition of parental consortium is a matter for the legislature rather than the judiciary. Id. See also, Paradiso v. Nasinka, supra; Henderson v. Micciche,6 Conn. L. Rptr. No. 11, 317 (May 1, 1992, Murray, J.)
It must be noted, however, "the term `consortium' is usually defined as encompassing the services and/or the financial support of a spouse, and the variety of intangible relations which exist between spouses living together in marriage." (emphasis provided in original). Champagne v. Raybestos-Manhattan,212 Conn. 509, 553 (1989) quoting Hopson v. St. Mary's Hospital, 176 Conn. 485, 487 (1979). Moreover, in Mahoney v. Lensink, 17 Conn. App. 130, 141 (1988) rev'd on other grounds213 Conn. 548, the court stated that "the right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent child relationship." In view of the language of Champagne and Mahoney, this court believes that a cause of action for loss of parental consortium does not exist in Connecticut. Accordingly, the seventh count is stricken.
3.
Under the terms of plaintiff's lease, at section 5, the defendant housing authority is obligated to maintain the premises in a decent, safe and sanitary condition. The alleged violation of this portion of the lease serves, in part, as the basis for this action. General Statutes 42-150bb states that whenever a consumer contract or lease provides attorneys fees for the commercial party or lessor, the consumer shall also receive attorney's fees if the consumer prevails in an action based upon the lease. As the landlord is entitled to attorney's fees for any action arising out of the lease, so is the plaintiff. Whether or not the plaintiff can prove a breach of lease is another matter. The claim for attorney's fees may not be stricken.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT
CT Page 3472
[EDITORS' NOTE: This page is blank.]
CT Page 3473
[EDITORS' NOTE: This page is blank.]
CT Page 3474
[EDITORS' NOTE: This page is blank.]
CT Page 3475