[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to strike counts of the complaint which although sometimes characterized as sounding in filial loss of consortium are more appropriately viewed as a child's claim for loss of parental services, and affection.
The motion to strike is denied as to these third and fourth counts. A minor child has a right to expect companionship and the other bundle of supportive human relationships which characterize the normal parent and child. If deprived of that continued relationship for some period of time as a proximate result of the legal wrong of another, there is no good reason why the child should not be able to maintain a cause of action for that loss.
A negligent defendant will be held liable if the injury CT Page 2664 occurs as a result of an unbroken sequence of events and if the result if not remote in time or space. Mitnick v. WhalenBrothers, Inc., 115 Conn. 650.
Where the consequences in causal relationship are too remote, recovery will be denied. Mahoney v. Beatman, 110 Conn. 184,191.
When the plaintiff has been guilty of negligence, but that negligence is so inconsequential or remote, the law will not regard it. Robinson v. Southern New England Telephone Co.,140 Conn. 414.
The test that is often applied in determining whether there exists a duty to use care is the foreseeability of harm.Attardo v. Ambriscoe, 147 Conn. 708.
It is foreseeable that if the victim of negligence is a parent of a child such child may have suffered a loss as a result of the parent's injury if the injury diminishes that parent's ability to care for the child.
Where serious injury or death occurs to a parent, it is foreseeable that the child's life will be less for lack of the nurturing support and stability that a good parent brings to the lives of offspring.
Our own life's experience informs our view. If there are those of us who have not been the parent, we have all been the child. That experience teaches us that there is no closer human bond, nor can there be found a more important care giver or teacher than the parent to the minor child.
The court is also persuaded by the reasoning of Judge Gray in Paradiso v. Nasioka, (1994) Superior Court, no. 320396; Judge Murray in Henderson v. Nicciche, 6 Conn. L. Rtpr. 317 (1992); Judge Hurley in Beckwith v. Akers, 8 CSCR 364 (1993) and Judge Santos in Kiziana v. Minieo, 7 CSCR 339.
The motion to strike the child's claim for loss suffered because of the injury to the parent set out in counts three and four is denied.
A motion to strike has also been filed as to counts five and six. The defendant claims that the plaintiff has not CT Page 2665 properly pleaded a claim for punitive double or treble damages under § 14-295 because he has failed to allege a causal link between violation of triggering statutes and the injury or damage suffered. The motion to strike as to counts five and six is granted for that reason. The plaintiffs allege a violation of the reckless driving statute § 14-222 as a basis for seeking double or treble damages which can be triggered if the factfinder finds violation of such a statute. Section 14-295
which authorizes a fact finder to double or treble a damage award where certain motor vehicle statutes are violated, states in pertinent part that an injured party can only recover treble damages where he has pleaded violation of one of the triggering statutes "and that such violation was a substantial factor in causing such injury . . ."
This portion of the statute requiring a causal nexus between the violation of the particular triggering statute and the injury is not legislative dross. The General Assembly, after the decision in Bishop v. Kelly, 206 Conn. 608, took a careful look at possible violations of motor vehicle statutes which could trigger imposition of punitive damages under provisions of § 14-295. Only negligent conduct violative of one of those triggering statutes suffices to open the door to imposition of double or treble damages and then only if that conduct causes the injury and resulting harm.
Section 14-295 is strictly construed. If the complaint omits any element of the statute; Stevens v. Kelley, 66 Conn. 570;Rowell v. Crothers, 75 Conn. 124; or alleges other tortious acts, so that the verdict does not necessarily establish violation of the statute; Dunbarr v. Jones, 87 Conn. 256; multiple damages cannot be awarded. Failure to allege that the violation of the triggering statute was a proximate cause of the resulting harm, leaves the complaint legally insufficient where punitive damages are sought pursuant to § 14-295.
Because this ground is dispositive as to these counts, the defendant's remaining claims are not addressed.
FLYNN, J. CT Page 2666