[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: REQUEST TO REVISE (#102)
The defendant's request to revise seeks to have the plaintiff delete an allegation in the complaint that:
"He operated his vehicle while his license to operate was under suspension, in violation of Connecticut General Statute § 14-215;"
The request to revise is granted. If, in fact, one defendant drove under suspension and struck the plaintiff, that is not relevant to the manner in which he drove his vehicle. Analagously, if a collision had occurred during the day time and the defendant operated a vehicle with defective headlights, it could not be relevant. Violation of a statute must constitute causative negligence to be relevant or material. The negligence of the operation is to be determined by the facts existing at the time of the accident. The Connecticut supreme court has "uniformly held that there was no causal relation between the fact that the operation of a car was licensed or unlicensed, and an injury occurring during its operation, and that the lack of such license could not be deemed to be the proximate cause of the injury and was not therefore actionable negligence, either as a CT Page 3947 ground of recovery or defense. Black v. Hunt, 96 Conn. 663,115 A. 429; Shea v. Corbett, 97 Conn. 141, 115 A. 694; Devite v.Connecticut Co., 112 Conn. 670, 151 A. 320." Kurtz v. Morse OilCo., 114 Conn. 336, 342, 158 A. 906 (1932) (trial court properly refused to charge the jury that plaintiff's decedent, in operating a motor vehicle without a license, was negligent as a matter of law); see also Prosser v. Richman, 133 Conn. 253, 257,50 A.2d 85 (1946) (before parents could be held vicariously liable injury caused by their unlicensed son's operation of a motor vehicle, unlicensed son's negligence had to be proven). "Whether the operator has a license is a wholly immaterial consideration." Devite v. Connecticut Co., 112 Conn. 670, 671.
"When a car is driven without a license, the act of driving the car certainly causes a collision; the absence of the license, or the existence of the statute, of course does not." W. Prosser W. Keeton, Torts, (5th Ed. 1984), ch. 5, § 36, p. 223; p. 226 and cases cited therein at n. 60.
The request to revise is granted over the plaintiff's objection.
FLYNN, J.