[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 22, 1997
The Supreme Court recognized a claim for loss of consortium when injury to one spouse deprived the other of "protected rights" arising out of the marriage contract. Hopson v. St.Mary's Hospital, 176 Conn. 485, 487 (1979). The defendants now move to strike the loss of consortium claim of the plaintiff parents who claim they suffered such a loss when the child Dana DeFonzo pushed their child off a bicycle. Defendants contend the parents have no such cause of action. The court agrees and this claim set out in counts two and three is struck.
In an earlier ruling on a minor child's claim for damages due to injury to a parent, this court stated that such claims are more appropriately characterized as claims for loss of services CT Page 3686 and affection. The court then recognized such a claim based upon a parent's unique role in a child's upbringing and support. Because of that unique role the foreseeability that harm results to the minor child when deprived of this bundle of support due to injury to a parent is not remote. See Foschini v. LeBlanc,
Superior Court, Judicial District of Waterbury, Docket No. 0121072 (March 17, 1995, Flynn, J., 14 CONN. L. RPTR. 167).
However, this court does not extend the reasoning in Foschiniv. LeBlanc, supra, to a claim by a parent for a minor child's injuries because a parent is seldom dependent on the minor child for support or services. The foreseeability that harm may result to a parent in such a situation is too remote to create a separate duty which, when breached, gives the parent a cause of action. See Paradiso v. Nasinka, Superior Court, Judicial District of New Haven, Docket NO. 320396 (January 31, 1994, Gray, J., 11 CONN. L. RPTR. 53, 9 CSCR 227). The court finds that the plaintiffs have failed to properly state a cause of action in counts two and three of the second amended complaint. The motion to strike counts two and three of the plaintiff's second amended complaint is granted for that reason.
FLYNN, J.