[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE COUNTS 2, 3, 4, 5, 6,AND 7 OF THE SECOND REVISED AMENDED COMPLAINT
This is a wrongful death action brought under § 52-555 of the General Statutes in which the complaint seeks money damages for the death of two children killed in a fire.
The defendant property owner attacks the second count of the complaint because it sounds in the parents' loss of filial consortium and no such cause of action exists. Section 52-555 of the Connecticut General Statutes permitting death actions does not create a separate cause of action in the deceased's survivors, but permits a plaintiff's cause of action to survive after his death and adds death damages to those injuries which proximately caused his death. McKirdy v. Cascio, 142 Conn. 80,84, 111 A.2d 555 (1955). It is therefore the action of the deceased which survives. Gen. Stat. § 52-555 permits the action to be brought by an executor or administrator. The plaintiffs' summons indicates they bring the action "individually" so it is not clear to the court whether they are also fiduciaries or not. "The right to [spousal] consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship. " Mahoney v.Lensink, 17 Conn. App. 130, 141, 550 A.2d 1088 (1988), rev'd onother grounds, 213 Conn. App. 548, 569 A.2d 518 (1990). "Duty" is a term best-reserved "for the problem of the relation between individuals which imposes upon one a legal obligation for the benefit of the other, and to deal with particular conduct in terms of a legal standard of what is required to meet the obligation." W. Prosser W. Keeton, Torts, (5th Ed. 1984) § 53, p. 356. "Changing social conditions lead constantly to the recognition of new duties." Id., p. 359. "No better general statement can be made than that the courts will find a duty where, in general, reasonable persons would recognize it and agree that it exists." Id.
One significant factor in determining whether there is any legal duty is the foreseeability that such a claimant might suffer some harm as a result of such conduct, or whether it is but a remote possibility that any harm to such a plaintiff might be anticipated.
 "In a philosophical sense, the consequences of an act go forward to eternity, and the causes of an event go back to the dawn of human events, and beyond. But any attempt to impose responsibility upon CT Page 12064 such a basis would result in infinite liability for all wrongful acts, and would set society on edge and fill the courts with endless litigation."
(Internal quotation marks omitted.) W. Prosser W. Keeton,
Torts, (5th Ed. 1984) § 41, p. 264.
Although no such common law duty exists to the parents of deceased minor children, the plaintiffs invite this court to recognize one. The court declines to do so.
In an earlier ruling on a minor child's claim for damages due to injury to a parent, this court stated that such claims are more appropriately characterized as claims for loss of services and affection. The court then recognized such a claim based upon a parent's unique nurturing role in a child's upbringing and support. Because of that unique role, the foreseeability that harm results to the minor child when deprived of this bundle of support due to injury to a parent is not remote. See Foschini v.LeBlanc, Superior Court, judicial district of Waterbury, Docket No. 121072 (March 17, 1995, Flynn, J.) (14 CONN. L. RPTR. 167).
However, this court does not extend the reasoning in Foschiniv. LeBlanc, supra, to a claim by a parent arising out of a minor child's injuries or death because a parent is seldom dependent on the minor child for support or services. The foreseeability that harm may result to a parent in such a situation is too remote to create a separate duty which, when beached, gives the parent a cause of action. See Paradiso v. Nasinka, Superior Court, judicial district of New Haven, Docket No. 320396 (January 31, 1994, Gray, J.) (11 CONN. L. RPTR. 53, 9 CSCR 227). The court finds that the plaintiffs have failed to properly state a cause of action in count two. It is therefore struck.
The defendants also move to strike the third and fourth counts because they both sound in negligent infliction of emotional distress. The plaintiffs have but one claim for damages arising out of one suffering of emotional distress whether or not they were "bystanders" as the Supreme Court has defined that term "bystanders". Both counts are struck for that reason. The plaintiffs should replead this claim alleging in the same count alternatively that they were bystanders so that the complaint states but one claim for negligently inflicted emotional distress. CT Page 12065
The defendant moves to strike the fifth count sounding in violation of the Connecticut Unfair Trade Practices Act. The defendants attack the complaint's legal sufficiency for failure to allege that the plaintiff engaged in a trade or commerce or business and for lack of averment that allegation of the one incident complained about was an instance of a particular practice. Both arguments are well taken. Lax v. MetropolitanProperty Casualty Ins. Co., 8 CONN. L. RPTR. 32; Koehm v. Ruhn,41 Conn. Sup. 130, 139, 558 A.2d 1042 (1987, Levine, J.), aff'don other grounds, 18 Conn. App. 313 (1989). The court strikes the complaint on these grounds and does not therefore reach the defendant's other claims.
The plaintiff moves to strike the sixth and seventh counts on grounds that the fire and death were caused by lack of proper permits for the occupancy of that portion of the premises where the children were burned and died. Violation of a statute must constitute causative negligence to be relevant or material. The analogy the defendant draws to motor vehicle negligence claims involving an unlicensed defendant driver is pertinent. In automobile cases, negligence of the operation is to be determined by the facts existing at the time of the accident. The Connecticut Supreme Court has "uniformly held that there was no causal relation between the fact that the operator of a car was licensed or unlicensed, and an injury occurring during its operation, and that the lack of such license could not be deemed to be the proximate cause of the injury and was not therefore actionable negligence, either as a ground of recovery or of defense. Black v. Hunt, 96 Conn. 663, 115 A. 429; Shea v.Corbett, 97 Conn. 141, 115 A. 694; DeVite v. Connecticut Co.,112 Conn. 670, 151 A. 320." Kurtz v. Morse Oil Co.,114 Conn. 336, 342, 158 A. 906 (1932) (trial court properly refused to charge the jury that plaintiff's decedent, in operating a motor vehicle without a license, was negligent as a matter of law); see also Prosser v. Richman, 133 Conn. 253, 257, 50 A.2d 85 (1946) (before parents could be held vicariously liable for injury caused by their unlicensed son's operation of a motor vehicle, unlicensed son's negligence had to be proven). "[W]hether the operator has a license is a wholly immaterial consideration."DeVite v. Connecticut Co., supra, 112 Conn. 671.
"When a car is driven without a license, the act of driving the car certainly causes a collision; the absence of the license, or the existence of the statute, of course does not." W. Prosser
CT Page 12066 W. Keeton, Torts (5th Ed. 1984) § 36, p. 223-24; see alsoid., p. 226 and cases cited therein at n. 60.
If the defendant is to be held liable, it must be because of some negligence in the manner in which the housing premises was designed or maintained. The defendant is not strictly liable or liable on a per se negligence theory merely by virtue of having failed to obtain a certificate of occupancy which the law may have required of the landlord of the premises. If he is liable, it is on the grounds as to the manner in which he maintained the premises or his letting of a dangerous premises when a reasonable person would not have done so.
For all these reasons, the motion to strike is granted in its entirety.
Flynn, J.